OWEN, Chief Judge.
This case involves a veritable maze of procedural requirements in the several administrative hearings either expressly delineated in or necessarily implied by the provisions of Chapter 63-1716, Special Acts, Laws of Florida, 1963 (and Acts amendatory thereto prior to 1968), referred to herein as the Orange County Zoning Act.
Appellants are owners of approximately five acres of land bordering Lake Jessamine in Orange County, Florida, not within a municipality. Prior to August, 1968, the property was zoned for single family residences. On this latter date, appellants applied for and thereafter obtained a rezoning so as to permit an apartment complex. Subsequently, they obtained the necessary building permit and commenced construction of the apartment complex. Ap-pellees then brought this suit alleging their interests as abutting property owners and seeking a declaratory judgment to the effect that the property had been illegally rezoned and the building permit illegally issued, and also seeking to enjoin further construction of the apartment complex. Essentially, the final judgment granted the relief prayed.
Although there are multiple issues presented on this appeal, to state them all, together with sufficient facts to adequately comprehend such issues, would unnecessarily lengthen this opinion as we feel the case is subject to disposition on the basis of the proper construction to be placed upon Sections 10 and 15 of the Orange County Zoning Act, portions of which we quote verbatim hereafter.
Section 10 of the Act provides that whenever a change in zoning is proposed, regardless of the source of the proposal, the planning and zoning commission is required to review the application for the proposed change and make a determination of whether to hold a public hearing thereon. If a public hearing is held (as it was in this case), provision is made for appro *505 priate notice, after which the procedure is as follows:
“Section 10. Supplementing and amending the zoning districts and resolution.
^ ^ ^ ^ ^
“The planning and zoning commission shall submit its recommendations on the proposed change to the Board of County Commissioners for official action. The Board of County Commissioners shall then at any regular or special meeting, reviezv the recommendation of the planning and zoning commission and either adopt the recommendation or make such changes or amendments as it deems proper. No change or amendment shall become effective until ten (10) days after approval by the Board of County Commissioners has been filed with the Clerk of the Board of County Commissioners. (e. s.)
“In the event the planning and zoning commission shall refuse to hold a public hearing on any application for proposed change, or in any case where a public hearing is held, any person aggrieved by any decision of the planning and zoning commission may file a notice of appeal to the Board of County Commissioners in the form and in the manner as hereinafter set out in Section 15 of this act." (e. s.)
Section IS of the Act (to which Section 10 makes reference) provides in part as follows :
“Section IS. Review of planning and zoning commission’s and board of zoning adjustment’s decisions.
“Any person aggrieved by any decision of the planning and zoning commission or board of zoning adjustment may file a notice of appeal to the Board of County Commissioners within fifteen (15) days after such decision is rendered by such commission or board. The person appealing shall file a notice of appeal upon a form prescribed by the Board of County Commissioners in the office of such commission or board stating wherein the commission or board erred. The said commission or board shall forthwith deliver a copy of the notice of appeal to the clerk of the Board of County Commissioners. The commission or board shall forthwith transmit to the Board of County Commissioners all the papers, photographs, exhibits, constituting the record upon which the action appealed from was taken, or properly certified copies thereof in lieu of originals, as the said commission or board may elect.
:fi Up if:
“The Board of County Commissioners shall conduct a trial de novo hearing upon any appeal taken from the ruling of the planning and zoning commission or board of zoning adjustment and hear the testimony of witnesses and other evidence offered by the aggrieved person and interested parties to the appeal and may in conformity with this act and the zoning resolutions, rules and regulations adopted thereunder, reverse, or affirm, wholly or partly, or may modify the order, requirement, decision, or determination of the board of zoning adjustment or recommendation of the planning and zoning commission.” (e. s.)
Appellants’ application for rezoning was filed with the planning and zoning commission on August 13, 1968. There was a substantial compliance with all notice requirements. The planning and zoning commission hearing was held on October IS, 1968, at which time the request for change of zoning for the subject property was approved. The planning and zoning commission’s recommendation was sent to the Board of County Commissioners. On November 4, 1968, in spite of the fact that no appeal whatever had been taken from the decision of the planning and zoning commission, and notwithstanding the requirements of Section 10 of the zoning act (that the commission “either adopt the recommendation or make such changes or amendments as it deems proper”), the recommendation was “denied” without any hearing thereon. It is at this point that this administrative procedure was “switched to the wrong track”.
*506 It is apparent from Section IS that had any person aggrieved by the recommendation of the planning and zoning commission filed a proper and timely appeal with the Board of Comity Commissioners, a trial de novo would have been held before the County Commissioners and on the basis of the evidence thus submitted, the Board of County Commissioners would have been authorized to take the action it did in regard to the recommendation of the planning and zoning commission, i. e., reverse it. But for the Board to take such action without an appeal pending before it, without any evidence before it, and without any notice to appellants (who certainly were not aggrieved by the action of the planning and zoning commission) was totally unathorized action. At that point, with the matter having been fully considered by the planning and zoning commission after hearing, and with no one apparently aggrieved by the latter’s decision, the authority of the Board of County Commissioners was limited to the rather perfunctory duty of adopting the recommendation or making such changes or amendments as it deemed proper. Otherwise, if the Board of County Commissioners could act on its own in any way that it saw fit without any evidence, hearing or notice to the parties, the provisions relating to the timely filing of notice of appeal by a person aggrieved by the decision of the planning and zoning commission, and the provisions relating to notice and trial de novo before the Board of County Commissioners, necessarily ' become meaningless.
The attorney for the Board of County Commissioners had theretofore recognized this very fact, and the Board, acting upon his recommendation, had established the following procedure even though such was not expressly authorized in the zoning act: whenever the Board “denied”, on an ex parte basis, the planning and zoning commission’s recommendations, the Board upon timely request would afford the applicant a de novo public hearing in the same manner as though he were an aggrieved party filing an “appeal” from the planning and zoning commission’s recommendation.
The foregoing procedure was followed in the instant case. The public hearing before the Board was held November 25, 1968, and on December 23, 1968, the Board approved the recommendation of the planning and zoning commission. Thereafter, in accordance with the zoning act, the Board certified the change of zoning for the property. Later, a building permit was obtained. Most of the issues on this appeal arise out of the administrative proceedings which occurred subsequent to the action taken by the Board of County Commissioners on November 4, 1968 “denying” the planning commission’s recommendations for rezoning of the property. We have refrained from discussing these issues and the facts supporting them, because they all arise at a point in. time after the Board of County Commissioners should have done what it ultimately did do, namely, approve the recommendations of the planning and zoning commission.
Consistent with the views hereinabove expressed, we hold that the recommendation of the planning and zoning commission made to the Board of County Commissioners after proper notice and hearing as provided in Section 10 of the Act, absent a timely appeal as provided in Section 15 of the Act, was not subject to ex parte “denial” by the Board of County Commissioners as was done in this case. Instead, such recommendation should have been adopted, either as submitted or with such changes or amendments as the Board deemed proper. The end result in this case is the same, but our holding does render moot the issues relative to the administrative proceedings occurring subsequent to November 4, 1968.
The judgment is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.