617 So.2d 406 (1993)
GENERAL MOTORS CORPORATION, PONTIAC MOTOR DIVISION, Petitioner,
v.
Douglas R. NEU and Honorable Lucy Brown, Respondents.
No. 92-2834.
District Court of Appeal of Florida, Fourth District.
April 21, 1993.
Paul L. Nettleton and Patrick S. Cousins of Popham, Haik, Schnobrich & Kaufman, Ltd., Miami, for petitioner.
L. Wesley Nichols of Watterson, Hyland, Nichols & Klett, P.A., Palm Beach Gardens, for respondent-Douglas R. Neu.
*407 PER CURIAM.
Petitioner General Motors Corporation, (GM) seeks certiorari review of a Palm Beach Circuit Court order which refused a requested trial de novo and transferred the case to the appellate division of the Palm Beach Circuit Court for further proceedings. Pursuant to Florida Rule of Appellate Procedure 9.040(c), we shall treat this petition for writ of certiorari as a petition for writ of mandamus and grant relief accordingly.
This case arises from a claim brought by respondent Douglas R. Neu against petitioner GM pursuant to the Florida Lemon Law, or the Florida Motor Vehicle Warranty Enforcement Act, Chapter 681, Florida Statutes (1991). Neu bought a new GM car in 1991. In April of 1992, he brought a Lemon Law claim against GM by filing a request for arbitration. Arbitration took place pursuant to section 681.1095(4), Florida Statutes (1991), resulting in a decision by the Florida New Motor Vehicle Arbitration Board (Board) in favor of respondent Neu. Petitioner GM filed a petition to "appeal" the Board's decision and for de novo consideration and trial of Neu's claim in the Palm Beach Circuit Court on July 24, 1992. Petitioner relied on section 681.1095(13), Florida Statutes (1991), which provides:
An appeal of a decision by the board to the circuit court by a consumer or manufacturer shall be by trial de novo. In a written petition to appeal a decision by the board, the appealing party must state the action requested and the grounds relied upon for appeal.
Respondent Neu filed a motion to dismiss or strike GM's petition to "appeal" for de novo consideration and trial, for failure to set forth the grounds for the appeal, and for including in an ad damnum clause allegedly impertinent information without factual basis. After a hearing on the motion, the trial court issued an order (the subject of this petition) dated August 28, 1992, declaring the action by GM to be an appeal or certiorari, and transferring it to the appellate division of the circuit court. Although the case remains in the circuit court at large, it is transferred to the appellate division of the circuit court, thus a different court and level of review.
We view the petition for writ of certiorari as seeking mandamus in that petitioner is actually seeking a trial de novo in the circuit court to which he claims entitlement by statutory law. As such, the circuit court is sua sponte added as a proper party respondent, subject to the petition for writ of mandamus seeking to direct the circuit court trial division to perform its absolute ministerial duty to conduct trial de novo. See generally Migliore v. City of Lauderhill, 415 So.2d 62 (Fla. 4th DCA), approved, 431 So.2d 986 (Fla. 1983). Certiorari does not lie because the circuit court was not acting in appellate capacity when it transferred this cause to the circuit court's appellate division. Fla.R.App.P. 9.030(b)(2)(B).
We conclude that petitioner has demonstrated entitlement to mandamus relief. Both parties have acknowledged that Chapter 681 governing motor vehicle sales warranties is vague in many sections. Even so, a fair interpretation of its express language and analysis of the entire chapter leads this court to conclude that the trial court erroneously interpreted the statute to allow an "appeal," which is not trial de novo after an arbitration decision.
First of all, the language of section 681.1095(13), Florida Statutes, as quoted earlier, expressly provides for trial de novo to the circuit court by a consumer or manufacturer challenging a board decision. When a statutory provision is clear and unambiguous, courts are obliged to give effect to that language employed by the legislature, and are not free to modify the effect of the statute. Cobb v. Maldonado, 451 So.2d 482, 483 (Fla. 4th DCA 1984); Holmes v. Blazer Financial Services, Inc., 369 So.2d 987 (Fla. 4th DCA 1979).
Also, section 681.112(1), Florida Statutes (1991) permits a consumer to file an action for violation of the Lemon Law in the trial court. However, section 681.1095(4), Florida Statutes (1991) requires the consumer filing suit to first submit a claim to the division and to the board if eligible for *408 arbitration. That decision is final unless appealed by either party to the circuit court. Then, section 681.1095(10), Florida Statutes provided that in any civil action brought under the chapter, a decision by the board is admissible in evidence.
As petitioner points out, for a civil action to follow the board decision as contemplated above, the civil action would have to be the "appeal" provided for in section 681.1095(11), Florida Statutes. For the board decision to be admissible in that civil action, that "appeal" would have to be an evidentiary proceeding, as a trial de novo. Thus, reading these provisions together, and considering the statute in its entirety as statutory construction requires, Fleischman v. Department of Professional Regulation, 441 So.2d 1121 (Fla. 3d DCA 1983), rev. denied, 451 So.2d 847 (Fla. 1984), it becomes evident again that the "appeal" from an arbitration decision to the circuit court is by trial de novo and not a standard appeal to the circuit court's appellate division. Therefore, even if the plain and unambiguous language compelling trial de novo were not present in this statute, it would be apparent that the proceeding in the circuit court challenging arbitration would be by trial de novo.
Petitioner has cited numerous cases said to be analogous, including Carnegie v. Department of Public Safety, 60 So.2d 728 (Fla. 1952). There, the Department of Public Safety canceled Carnegie's driver's license, and he initiated an "appeal" in the circuit court pursuant to Chapter 322, Florida Statutes. The statute governing that procedure called for the court on such an "appeal" to take testimony and examine the facts in the case. The court said that the case was heard de novo by the circuit court, and not merely as a review of the action by the department.
Also cited by petitioner is City of Ormond Beach v. State ex rel. Del Marco, 426 So.2d 1029 (Fla. 5th DCA 1983), where a party sought review of a decision of the city's board of adjustment in the circuit court by trial de novo pursuant to Chapter 163, Florida Statutes. The district court said that when a statute provides for review of an administrative decision in the circuit court by trial de novo, the circuit court is intended to take new evidence and conduct a new proceeding, not just to review the administrative decision. Id. at 1032.
Respondent's arguments are nothing more than an effort to revise or modify the express, clear provisions of the statute. However, the legislature has spoken, mandating de novo proceedings in the circuit court. Petitioner is entitled to them as a matter of law, and the circuit court has an absolute, ministerial duty to conduct them.
Accordingly, we quash the trial court order transferring this case and grant the petition for mandamus. We remand to the trial court to conduct a trial de novo.
GLICKSTEIN, C.J., and GUNTHER, J., concur.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting.
I withhold any conclusion as to the correctness of the majority's analysis of the judicial remedies under the Florida Lemon Law. I do disagree, however, with giving GMC an extraordinary appellate remedy to establish its position, rather than dealing with the subject after the circuit court has entered a final order disposing of the case.
Frankly, whether it is certiorari or mandamus, I do not believe that either form of extraordinary review is available when there is perfectly agreeable remedy on final review. Cf. Lindsey v. Sherman, 402 So.2d 1349 (Fla. 4th DCA 1981) (common law certiorari not available to review pre-trial order striking demand for jury trial); Ronbeck Construction Co. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992) (same). I therefore dissent from the court's decision to grant review now.