621 So.2d 719 (1993)
Christopher C. MASON, Petitioner,
v.
PORSCHE CARS OF North AMERICA, Respondent.
No. 92-3074.
District Court of Appeal of Florida, Fifth District.
May 28, 1993.
Rehearing Denied July 28, 1993.
*720 Scott T. Borders of Clark, Charlton & Martino, P.A., Tampa, for petitioner.
Larry M. Roth and W. Scott Powell of Roth, Edwards & Smith, P.A., Orlando, for respondent.
Robert A. Butterworth, Atty. Gen., and Michael A. Gross, Asst. Atty. Gen., Tallahassee, amicus curiae for petitioner.
Gregory A. Anderson of Anderson Law Offices, Jacksonville, for American Auto., Mfrs. Ass'n and Ass'n of Intern. Auto. Mfrs., amicus curiae for respondent.
COBB, Judge.
This certiorari proceeding concerns Florida's "lemon law," and the statutory procedure for appellate review of an arbitration board's decision. Petitioner, Christopher Mason, purchased a 1991 Porsche which had recurring transmission problems. Petitioner requested arbitration before the "Florida New Motor Vehicle Arbitration Board." See generally § 681.1095(1), Fla. Stat. (1991). After a hearing and inspection of the car, the arbitration board officially declared petitioner's vehicle a "lemon" and ordered the manufacturer to pay petitioner a refund in the total amount of $33,242.21.
Pursuant to section 681.1095(11), Florida Statutes (1991), the manufacturer appealed the decision by filing a petition with the circuit court in Orange County. The manufacturer asked the circuit court for a trial de novo to determine whether the vehicle in question conformed to the terms of the manufacturer's limited warranty. Petitioner filed a motion to dismiss the appeal. At the hearing on the motion to dismiss, the manufacturer and petitioner disagreed over the procedure to be followed in the circuit court. The manufacturer argued that in a trial de novo, the burden remained on the consumer seeking affirmative relief to prove his case, and petitioner should therefore be the plaintiff and file suit in the circuit court. Petitioner argued that since the manufacturer was challenging the arbitration board's decision on appeal, the appellant *721 should have the burden of proving that the decision was incorrect.
After the hearing the trial judge entered an order granting a trial de novo. He found that section 681.1095, Florida Statutes (1991) is ambiguous, but that the clear intent of the legislature was to grant a trial de novo to either party upon the filing of a proper petition as required under the statute. The judge found that a separate lawsuit needed to be filed in which the consumer (petitioner) would be the plaintiff and the manufacturer the defendant. Petitioner seeks certiorari review of that order,[1] which we grant because of our view that said order constitutes a departure from the essential requirements of law.
Section 681.1095, Florida Statutes (1991), deals with the purpose and function of the Florida New Motor Vehicle Arbitration Board. Section 681.1095(11) provides for judicial review of an arbitration board's findings, and reads in pertinent part:
Section 681.1095(11)
A decision is final unless appealed by either party. A petition to the circuit court to appeal a decision must be made within thirty calendar days after receipt of the decision. Within seven calendar days after the petition has been filed, the appealing party must send, by registered or express mail, a copy of the petition to the Board. If the Board receives no notice of such petition within forty calendar days after the manufacturer's receipt of a decision in favor of the consumer, and the manufacturer has neither complied with, nor has petitioned to appeal such decision, the Department of Legal Affairs may apply to the circuit court to seek imposition of a fine up to $1,000 per day against the manufacturer until the amount stands at twice the purchase price of the motor vehicle, unless the manufacturer provides clear and convincing evidence that the delay or failure was beyond its control or was acceptable to the consumer as evidenced by a written statement signed by the consumer. If the manufacturer fails to provide such evidence or fails to pay the fine, the Department of Legal Affairs shall initiate proceedings against the manufacturer for failure to pay such fine.
Section 681.1095(13), Florida Statutes (1991), reads as follows:
An appeal of a decision by the board to the circuit court by a consumer or a manufacturer shall be by trial de novo. In a written petition to appeal a decision by the Board, the appealing party must state the action requested and the grounds relied upon for appeal.
Although the trial court characterizes section 681.1095, Florida Statutes (1991) as ambiguous, the statute is clear that once the arbitration board makes its findings, the aggrieved party may appeal to the circuit court. Although most appellate proceedings do not include a trial or evidentiary hearing, the statutory appellate procedure for Florida's lemon law authorizes a trial de novo. Nevertheless, it is generally the burden of the appellant to show that the lower tribunal erred. The issue in this case has arisen because section 681.1095 does not explicitly place the burden of persuasion on either the appellant or appellee.
Section 681.1095(13) provides that the appealing party must state the action requested and the grounds relied upon for appeal. This indicates that the appealing party has the initial burden of going forward with the evidence in a trial de novo governed by the rules of civil procedure, and the overall burden of persuasion remains on the appellant. The benefits and importance of the compulsory arbitration process would be minimized if the simple filing of a petition could force the successful party in arbitration to seek affirmative relief in the circuit court. If the manufacturer prevailed before the arbitration board, surely the manufacturer would not *722 argue that it had the burden on appeal to prove the correctness of the board's decision as the plaintiff in a trial de novo. Yet the manufacturer considers it appropriate to make the consumer seek affirmative relief in both the administrative and judicial forum, regardless of what transpires before the arbitration board.
Section 681.1095 provides for binding arbitration, but like Florida's Arbitration Code there is a right to judicial review. See § 682.20, Fla. Stat. (1991). Under the Florida Arbitration Code, the party seeking to vacate the arbitrator's award has the burden of demonstrating why the award should not be confirmed. See § 682.13, Fla. Stat. (1991).
A former statute providing for judicial review of Board of Adjustment decisions stated that review in the circuit court must be either by a trial de novo or by a petition for writ of certiorari, and that the election of remedies shall lie with the appellant. See § 163.250, Fla. Stat. (1983  statute repealed in 1985). The case law interpreting this statute made clear that the aggrieved party seeking a trial de novo had the burden of proving his claim. See e.g., City of Ormond Beach v. State ex rel. Del Marco, 426 So.2d 1029 (Fla. 5th DCA 1983) (to secure relief in trial de novo before circuit court, aggrieved party must make showing required by statute, and where petition is based on hardship aggrieved party has burden of demonstrating that hardship exists). As this court stated in Del Marco, in a trial de novo the circuit court can take any action the Board of Adjustment could have taken upon a proper showing by the aggrieved party.
Chapter 194, Florida Statutes, provides for administrative and judicial review of property tax assessments. The value adjustment board is authorized under the statute to conduct administrative hearings on assessment issues. Section 194.036(3), Florida Statutes (1991) states that an appeal from a value adjustment board decision shall be in the circuit court; the circuit court proceeding shall be de novo, and the burden of proof shall be upon the party initiating the action. If a property appraiser appealed a decision of the value adjustment board, he would have the burden of persuasion, and a taxpayer appealing a decision would likewise shoulder the same burden.
In Bystrom v. Equitable Life Assurance Soc'y of the United States, 416 So.2d 1133 (Fla. 3d DCA 1982), the third district analyzed the burden of proof in a trial de novo when a value adjustment board's decision is appealed. The third district stated that the board's assessment of the property value in question would be accorded presumptive validity. The third district reasoned that if it were otherwise, the proceedings before the board would amount to nothing more than a way station for a disgruntled party en route to circuit court. Therefore, the party attacking the decision of the value adjustment board would have the burden of overcoming of the presumption of correctness. Id. at 1140-1143.
The manufacturer's response to the petition for certiorari argues that the term "trial de novo" as used in section 681.1095 should be interpreted as it is normally defined. The manufacturer states that "de novo" means to try a matter anew, as if the same had not been heard before and as if no decision had been previously rendered. However, section 681.1095(13), Florida Statutes, does not only use the term "trial de novo" but also uses the term "appeal," which by its normal definition means a review of a lower tribunal's decision. Admittedly, section 681.1095(13) is inartfully drafted but it should not be interpreted so as to lead to an absurd result.
The Attorney General's Office of Florida filed an amicus curiae brief in support of petitioner. The attorney general notes that under Florida's lemon law, the arbitration board's decision is admissible in evidence in any civil action relating to the dispute in question, presumably including the de novo circuit court action authorized by section 681.1095(13). See § 681.1095(10), Fla. Stat. (1991). The attorney general argues that this evidentiary rule implicitly reflects a presumption of validity to be accorded to the arbitration board's decision. The attorney general states that the 1988 revision to *723 Florida's lemon law,[2] which created state-administered compulsory arbitration, was designed to balance the economic interests of litigants who otherwise might be unevenly matched. If the arbitration process is simply an additional procedural step to a de novo action in the circuit court, the consumer would be further delayed in his quest for relief. The attorney general also envisions a scenario where a consumer is considered the prevailing party in the arbitration proceeding, but wishes to cross-appeal as to the damages awarded if the manufacturer takes an appeal. Requiring the consumer to shoulder the burden of persuasion on both the appeal and cross-appeal would lead to an inequitable and absurd result.
Accordingly, the petition for certiorari is granted, the order of the trial court is quashed, and this cause is remanded for further proceedings consistent with this opinion.
CERTIORARI GRANTED; ORDER QUASHED; AND REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
NOTES
[1] The order under review was entitled "Final Judgment Granting Trial De Novo," but the order in substance was a non-final order clarifying procedure. If we were to consider this literally as a "final judgment"  i.e., the termination of an action in circuit court  then, of course, our review here would be based upon Florida Rule of Appellate Procedure 9.110. In either event, we have jurisdiction.
[2] See Chapter 88-95, Laws of Florida.