630 So.2d 1155 (1993)
HERNANDO COUNTY BOARD OF COUNTY COMMISSIONERS, Petitioner,
v.
S.A. WILLIAMS CORPORATION, etc., Respondent.
No. 93-574.
District Court of Appeal of Florida, Fifth District.
December 10, 1993.
Rehearing and Rehearing Denied February 2, 1994.
Robert Bruce Snow, Brooksville, for petitioner.
Daniel P. Rooney, Law Office of Allan L. Casey, Winter Haven, for respondent.
Rehearing and Rehearing En Banc Denied February 2, 1994.
*1156 COBB, Judge.
Hernando County Board of County Commissioners (hereinafter "Board"), seeks a writ of certiorari to quash an order entered by the circuit court in review of a zoning enforcement proceeding. S.A. Williams Corporation (hereinafter "Williams") obtained preliminary approval from the Board in 1988 to operate a landfill. The Board required that several conditions be met by Williams before operating the landfill. These preconditions included submitting engineering site plans to the county detailing the impact of the landfill on the sensitive drainage system in the area, submitting the necessary state permits to the county, and negotiating a mechanism to insure maintenance of the roadway leading to the landfill. The landfill thereafter was completed and opened for business.
An enforcement proceeding was initiated in 1992 when the county's zoning staff discovered that Williams began the landfill operation without meeting all of the preconditions. After a hearing, the Board revoked its approval finding that Williams had not complied with all the attendant requirements.
Williams sought certiorari review in the circuit court, which applied the doctrine of equitable estoppel and suspended temporarily the Board's action. The circuit court noted that Williams had spent approximately $150,000 in reliance on the county's preliminary approval and operated the landfill for 4 years before the approval was revoked. The circuit court also noted that the county was one of the users of the landfill. The circuit court granted Williams 6 months within which to fully comply with the preconditions required by the Board. After 6 months the suspension of the revocation would be lifted only upon a showing by the Board that Williams had failed to comply.
Clearly, the Board was acting in a quasi-judicial capacity in the enforcement proceeding and circuit court review of quasi-judicial proceedings is subject to strict scrutiny. See Board of County Commissioners v. Snyder, 627 So.2d 469 (Fla. 1993). While a zoning authority is not required to make findings of fact, it must be shown that there was competent substantial evidence to support the ruling. In any event, review in this court is governed by the principles first established in City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla. 1982) (district court determines whether circuit court afforded procedural due process and applied the correct law).
The doctrine of equitable estoppel precludes a zoning authority from exercising its police power to prohibit a particular use of land where a property owner, in good faith, and on some act or omission of government, has made such a substantial change in position or has incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the right he acquired. See Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla. 1976). In The Florida Companies v. Orange County, 411 So.2d 1008 (Fla. 5th DCA 1982), a zoning board preliminarily approved a subdivision plat, which included the use of a package sewage treatment plant. The zoning board denied a subsequent submission for plat approval after determining that sewage in the subdivision would have to be handled with septic tanks. The developer had expended a large sum of money in reliance upon the preliminary approval, and the zoning board thereafter changed its position. In reviewing the circuit court order which denied the property owner's petition for writ of certiorari, this court applied the doctrine of equitable estoppel and stated that the zoning board could not deny final approval of the plat if all the conditions of the preliminary approval had been satisfied.
In the case sub judice, Williams failed to submit engineering site plans and state permits to the county as required by the approval before operating the landfill. Williams also failed to timely pay $6,000 to the county; the sum determined in 1988 to insure maintenance of the roadway leading to the landfill. Since these prerequisites were not satisfied, Williams did not act in good faith. Unlike the zoning authority in Florida Companies, supra, the Board did not change its conditions of approval to the detriment of Williams. The fact that the county used the landfill and delayed in bringing an enforcement *1157 action would not provide a basis for equitable estoppel where Williams failed to act in good faith and the Board failed to make any substantial alterations to its requirements. The circuit court failed to apply the correct law in relying on equitable estoppel as a basis for finding that the Board's action was not supported by competent, substantial evidence.
The circuit court also failed to follow the correct law in granting equitable relief. By giving Williams an additional six months to fully comply, the circuit court tacitly found that Williams operated the landfill without satisfying the preconditions. If equitable estoppel had been established, the county's revocation should have been quashed; the revocation should not have been merely suspended pending further action.
The county in the enforcement proceeding previously gave Williams additional time to comply, and revoked its approval only after Williams failed to do so. On March 4, 1992, Williams was notified by letter that he would have fifteen days to document compliance. On March 19, 1992, Williams requested a forty-five day extension to respond. On April 14, 1992, the county granted the forty-five day extension starting from March 21. When time ran out on May 5, 1992, Williams had still not fully complied. The engineering site plans submitted on May 5 were not in conformity with the original site plan review, but were designed to show proposed modifications to the landfill. At the time of the county enforcement proceeding, Williams was in the process of negotiating with state agencies to correct certain problems with the landfill. The state permits submitted on May 8 did not reflect the proposed modifications contained in the engineering site plans. Williams untimely presented the county with a $6,000 check on May 12, 1992, with instructions not to deposit it until May 15, 1992.
The circuit court was supposed to determine whether there was competent, substantial evidence to support the Board's action. If there was competent, substantial evidence, the petition should have been denied; if not, the Board's action should have been quashed. The circuit court chose neither option, but instead preempted the Board's enforcement powers and further extended the grace period for compliance. It was improper for the circuit court to substitute its judgment in place of the Board's. The circuit court exceeded its certiorari jurisdiction by giving Williams an additional six months to comply.
The burden of persuasion in the certiorari proceeding below was on Williams, the petitioner. Requiring the county to come forward after six months and prove Williams' noncompliance improperly shifted the burden of persuasion. Perhaps the circuit court felt that within six months the state agencies and Williams would come to an understanding regarding the proposed modifications, and new or amended state permits would be issued. However, the proposed modifications to the landfill were a collateral problem. The reason for the revocation was that Williams never complied with the original preconditions prior to operating the landfill. The purpose of the enforcement hearing was not to determine whether Williams had plans and permits to support engineering refinements to the landfill.
The dissent characterizes the circuit court's decision as "Solomon-like," apparently excusing the circuit court's misapplication of the equitable estoppel doctrine and overlooking the circuit court's departure from established principles regarding certiorari review of quasi-judicial action. The use of the term "strict scrutiny" in Snyder, supra, does not give the circuit court authority to sit as a superior enforcement board and fashion an equitable remedy when it concludes an applicant was not given sufficient time to correct past omissions. We grant the petition for writ of certiorari and quash the circuit court order.
PETITION GRANTED; ORDER QUASHED.
W. SHARP, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
In my opinion the trial judge made a fair and equitable decision, based upon equity principles, and I would affirm his decision. *1158 The multifaceted, expensive bureaucratic hoop-jumping through which appellee has been put should have ended with Judge Booth's wise, Solomon-like decision. No one was all right or all wrong and the just decision of the chancellor should be left undisturbed by our second-guessing.