635 So.2d 1067 (1994)
Timothy C. SHEEHAN, et al., Appellants,
v.
WINNEBAGO INDUSTRIES, INC., Appellee.
No. 93-290.
District Court of Appeal of Florida, Fifth District.
April 29, 1994.
Nathan G. Dinitz, Daytona Beach, for appellants.
Robert A. Butterworth, Atty. Gen., Michael A. Gross, Asst. Atty. Gen., and Janet L. Smith, Asst. Atty. Gen., Tallahassee, for amicus curiae State of FL.
David S. Oliver and E. Kelly Bittick, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellee.
GOSHORN, Judge.
The Sheehans appeal the circuit court's order reversing the Florida New Vehicle Arbitration Board's (the Board) decision in an action brought under the Florida Motor Vehicle Warranty Enforcement Act.[1] The suit stems from the Sheehans' dissatisfaction with their $30,000 Winnebago recreational vehicle. We reverse.[2]
After a number of unsuccessful attempts to repair the recreational vehicle, the Sheehans and Winnebago proceeded to arbitration before the Board pursuant to section 681.1095, Florida Statutes (1991). The Board entered a decision in favor of the Sheehans which required Winnebago to repurchase the vehicle. Winnebago appealed the Board's decision to the circuit court pursuant to section 681.1095(13) which calls for a trial de novo.
At the beginning of the trial, the trial court addressed the proper allocation of the burden of proof, although it failed to clearly resolve the issue. It did, however, require the Sheehans to proceed first. No presumption of correctness was afforded the Board's decision. Ultimately, the court found that the evidence presented was insufficient to support a conclusion that the vehicle's use, safety, or value had been substantially impaired by the asserted defects and rendered a decision in favor of Winnebago. The Sheehans contend, and we agree, that the trial court erred in requiring that they bear the burden of proof and in failing to give the Board's decision a presumption of correctness.
Section 681.1095(11) enables a party to appeal a decision of the Board to the circuit court, and section 681.1095(13) explains that the circuit court's review shall be by trial de novo. By requiring a party to "appeal" the Board's decision and at the same time requiring the appeal to be de novo, the legislature created an ambiguity in the statute. Nevertheless, *1068 this court clarified the ambiguity in Mason v. Porsche Cars of North America, 621 So.2d 719 (Fla. 5th DCA), review denied, 629 So.2d 134 (Fla. 1993). In Mason, a consumer brought suit under Florida's lemon laws against the manufacturer of his automobile. At arbitration, the Board ruled in favor of the consumer and the manufacturer appealed to the circuit court for a trial de novo. When the trial court ruled that the consumer was required to shoulder the burden of proof at the circuit court level, the consumer sought a writ of certiorari from this court. This court held that once the consumer was successful in front of the board, the manufacturer was required to carry the burden of proof in the appeal to the circuit court. This district has clearly established that the manufacturer must carry the burden of proof at the circuit court level when appealing an adverse decision of the Board.[3] Further, the trial court is to grant the Board's decision a presumption of validity. Mason.
Here, the trial court erred by failing to require Winnebago to carry the burden of proof and by not affording the Board's decision a presumption of validity. Accordingly, this cause is reversed and remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and DIAMANTIS, JJ., concur.
NOTES
[1] Chapter 681, Florida Statutes (1991).
[2] Our decision on the merits of the main appeal renders moot the issue raised by Winnebago in its cross-appeal.
[3] The trial court did not have the benefit of Mason at the time it ruled.