THOMPSON, Judge.
Orange County petitions for certiorari. We grant the petition for certiorari and quash the circuit court’s order.
The Respondents, the Seays, applied to place an incinerator on their property. The Seays relied upon the vested rights provision of Orange County Incinerator .Management Ordinance 92-41. The ordinance, at section 15 — 556(c)(2), required proof that all four of the following criteria were met as of 31 December 1992:
a. A development order has been issued or the county has otherwise taken official action specifically with respect to development of the facility; and
b. Extensive obligations or expenses (other than land purchase costs and payment of taxes) including, but not limited to, legal and professional expenses related directly to the development of the incinerator facility have been incurred or there has otherwise been a substantial change in position; and
c. Such obligations, expenses and change in position were undertaken by the proposed facility owner in good faith reliance on the actions taken by the county; and
d. It would be unfair to deny the proposed facility owner the opportunity to complete the facility based on the facility’s inability to comply with the applicable requirements established by the Incinerator Management Ordinance.
When the Seay’s application for a vested rights certificate was turned down by the Orange County Zoning Department Manager, they requested a hearing in front of a hearing officer. The hearing officer found that the Seays had not met the “official ac *344 tion” requirement of subsection (a) or the “good-faith reliance” requirement of subsection (c).
The Seays next went to the Orange County Commission. The Commission heard argument from both sides, then adopted the hearing officer’s opinion. The Seays petitioned the circuit court for certiorari, which was granted. The circuit court did not disagree with the hearing officer’s finding that subsection (á) of the ordinance was not met. The court ruled, however, that the hearing officer’s Findings of Fact and Conclusions of Law were in error because the doctrine of equitable estoppel should have been considered.[1] The circuit court ruled that, under this doctrine, the Seays were entitled to relief. Orange County petitioned this court for certiorari. Orange County’s position is that the hearing officer did exactly what she was supposed to do — apply the elements of vested rights as set forth by the ordinance. Orange County is correct. We, therefore, grant the petition for certiorari and quash the circuit court’s order.
While the underlying proceedings were quasi-judicial in nature and properly reviewable by the circuit court by petition for writ of certiorari, Park of Commerce Assocs. v. City of Delray Beach, 636 So.2d 12 (Fla.1994); Florida Inst. of Technology, Inc. v. Martin County, 641 So.2d 898, 899 (Fla. 4th DCA 1994); Hernando County Bd. of County Comm’rs v. S.A. Williams Corp., 630 So.2d 1155 (Fla. 5th DCA 1993), review denied, 639 So.2d 981 (Fla.1994), a circuit court’s scope of review is very limited. The court’s certiorari review is limited to:
1. Whether procedural due process was accorded;
2. Whether the essential requirements of the law have been observed; and
3. Whether the administrative findings and judgment are supported by competent substantial evidence.
Education Dev. Ctr., Inc. v. City of West Plam Beach, Zoning Bd. of Appeals, 541 So.2d 106, 108 (Fla.1989), (citing City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982)). The circuit court recognized that the Seays had received procedural due process, and that the administrative findings and judgment were supported by competent substantial evidence. The court ruled, however, that the hearing officer’s opinion departed from the essential requirements of the law by not considering equitable estop-pel. We disagree. There was no departure from the essential requirements of the law. This administrative proceeding was simply to determine if the Seays complied with the ordinance. The hearing officer correctly considered the requirements of the ordinance and concluded that the Seays were not entitled to a vested rights certificate under the ordinance.[2]
The petition for certiorari is granted. The circuit court’s order is quashed, and the Seays are entitled to no further relief.
COBB and DIAMANTIS, JJ., concur.

. The circuit court relied upon law which says that equitable estoppel can be applied in land-development cases such as Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10 (Fla.1976); Hernando County Bd. of County Comm’rs v. S.A. Williams Corp., 630 So.2d 1155 (Fla. 5th DCA 1993), review denied, 639 So.2d 981 (Fla.1994); and The Fla. Cos. v. Orange County, 411 So.2d 1008 (Fla. 5th DCA 1982). That line of cases allows equitable estoppel to be applied where a "property owner (1) in good faith (2) upon some act or omission of the government (3) has made such a substantial change in position or has incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the right [t]he [owner] acquired.” Hollywood Beach Hotel, 329 So.2d at 15-16.

. In addition to the hearing officer's determination that subsection (a) had not been met, the hearing officer also made a finding of fact that the Seays had not met subsection (c), in that they had not established good-faith reliance. Notwithstanding its attempt to characterize the matter as one of law, the trial court erred in reweighing the evidence, see Department of Highway Safety & Motor Vehicles v. Satter, 643 So.2d 692 (Fla. 5th DCA 1994), and in concluding that equitable estoppel was established since, like the statute, the doctrine requires good-faith reliance, and the hearing officer specifically found that good-faith reliance was not established by the Seays.