W. SHARP, Judge,
dissenting.
The County of Volusia seeks issuance of a writ of certiorari to quash an order of the circuit court acting in its review capacity. The circuit court held that the Volusia County Council violated due process when it conducted a de novo evidentiary hearing on an appeal from a decision of the Development Review Committee. In so doing, the circuit court construed the appeals procedure in section 102.07 of Volusia County’s Land Development Code as limiting the Council’s review to the record before the Committee. I disagree and conclude that section 102.07 allows a de novo evidentiary hearing upon appeal to the Council. Accordingly, I would grant the petition and quash the order of the circuit court.
Respondent Consolidated Pre-Stressed Concrete, Inc., operates a concrete facility on property it owns in Edgewater, Florida. The property adjoins a residential development known as “Hacienda Del Rio.” Consolidated sought approval of a site plan for its property.
On December 3, 1993, a hearing was held on Consolidated’s application before the Development Review Committee. At this hearing, apparently only the attorney for Consolidated and the members of the Committee spoke on the site plan. The Development Review Committee recommended approval of the site plan with conditions.
Robert Ielfield, a resident of Hacienda Del Rio, appealed the decision. A hearing was held on the appeal on February 10, 1994, before the Volusia County Council. At this hearing, additional information was provided to the Council. The Council voted to uphold the determination of the Development Review Committee but added additional conditions.
*399 Consolidated then filed a petition in the circuit court. The circuit court determined that Volusia County had exceeded its jurisdiction by conducting a de novo evidentiary hearing. It ordered that, on remand, the Council must limit its consideration to the record before the Development Review Committee.
Our review of this order is limited to a determination of whether the circuit court afforded procedural due process and applied the correct law. City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982); Hernando County Board of County Commissioners v. S.A. Williams Corp., 630 So.2d 1155 (Fla. 5th DCA 1993), rev. denied, 639 So.2d 981 (Fla.1994); Town of Indialantic v. Nance, 485 So.2d 1318 (Fla. 5th DCA), rev. denied, 494 So.2d 1152 (1986). In its petition, the County contends that the circuit court failed to apply the correct laws of due process and statutory construction in determining that section 102.07 did not allow for de novo review upon appeal.
Section 102.07 of Volusia County’s Land Development Code provides as follows:
102.07. Appeals. Any person claiming to be aggrieved by a decision of the enforcement official or the DRC may file a written appeal within thirty (30) days after said decision with the LDD to have the decision reviewed by the county council. The appeal shall state fully the specific grounds for the appeal and all of the facts relied upon by the petitioner. The county council shall consider only those items specified in the petition.
The circuit court construed the “appeal” in section 102.07 as being equivalent to an appeal in a judicial forum, that is, a review of the lower tribunal’s action based only on the matters presented to the lower tribunal. However, in its broadest sense, an “appeal” is simply the review of a decision of an inferior tribunal by a superior tribunal. See Black’s Law Dictionary 88 (5th ed. 1979) (Appeal. Resort to a superior (i.e. appellate court) to review the decision of an inferior (i.e. trial) court or administrative agency.) And, although appellate proceedings generally do not include a trial or evidentiary hearing, there are instances in which the appeal statutes at issue provide for de novo review. See Mason v. Porsche Cars of North America, 621 So.2d 719 (Fla. 5th DCA), rev. denied, 629 So.2d 134 (1993).
For example, Florida’s automotive “lemon law” provides that an “appeal” of a decision by the arbitration board “shall be by trial de novo.”.[1] Mason; General Motors Corporation, Pontiac Motor Div., v. Neu, 617 So.2d 406 (Fla. 4th DCA 1993). In Mason, this court noted that the appeal section was “inartfully drafted” because it used not only the term “appeal” (which by its normal definition means a review of a lower tribunal’s decision), but also the term “trial de novo” (which generally means to try a matter anew, as if it had not been heard before and no decision had been previously rendered). Nonetheless, this court acknowledged that the lemon law’s appeal procedure authorized a trial de novo.
In General Motors Corporation v. Neu, the fourth district noted that the lemon law expressly provides that an appeal to the circuit court is by trial de novo. However, the court also concluded that even if the plain and unambiguous language compelling a trial de novo were not present in the statute, it would be apparent that the proceeding in the circuit court challenging the arbitration decision would be by trial de novo. The lemon law permits a consumer to file an action in the trial court. However, the law first requires the consumer to submit the claim for arbitration. For the civil action to follow the board decision, the civil action would have to be the “appeal” provided for in section 681.1095.
In addition, the decision by the board is admissible in evidence. For the board’s decision to be admissible in evidence, the appeal would have to be an evidentiary proceeding, *400 as a trial de novo. Reading these provisions together and considering the lemon law in its entirety as statutory construction requires, the court concluded that the appeal from an arbitration decision to the circuit court must be by trial de novo and is not a standard appeal to the circuit court’s appellate division.
In Drage-Grothe, Ltd. v. Lake Jessamine Property Owners Association, 304 So.2d 504 (Fla. 4th DCA 1974), cert. denied, 317 So.2d 75 (Fla.1975), the court noted that the Orange County Zoning Act, section 10, provided that “any person aggrieved” by a decision of the Planning and Zoning Commission may file a notice of appeal to the Board of County Commissioners in the form and manner set forth in section 15 of the Act. Section 15 provided that the person appealing should set forth how the Commission erred and also required the Commission to transmit the record of the action to the Board of County Commissioners. Section 15 further provided that the Board “shall conduct a trial de novo hearing upon any appeal” taken from the Planning and Zoning Commission and hear testimony of witnesses and other evidence. Thus the Orange County Zoning Act clearly provided for an “appeal” by trial de novo. See also Metropolitan Dade County v. Reineng Corp., 399 So.2d 379 (Fla. 3d DCA 1981) (Metropolitan Dade County Code provided for a de novo hearing upon appeal from the Zoning Appeals Board to the County Commission).
In Carnegie v. Department of Public Safety, 60 So.2d 728 (Fla.1952), the Florida Supreme Court held that an appeal from a suspension of a driver’s license by the Department of Public Safety was by trial de novo. In that case, Carnegie’s driver’s license was cancelled after he failed to submit to a reexamination by the Department. Carnegie filed an action in circuit court to obtain reinstatement of his license. The “appeal” provision of the Motor Vehicle Code provided that the trial court on such an appeal was to “take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation, or revocation of his license under the provisions of this chapter.” The Florida Supreme Court interpreted this provision as requiring that the case be heard de novo by the court and not merely as a review of the department’s action.
In Young v. Department of Community Affairs, 625 So.2d 831 (Fla.1993), the Florida Supreme Court held that an “appeal” of a development order to the Florida Land and Water Adjudicatory Commission pursuant to section 380.07 was by de novo hearing. Section 380.07 provides that after certain development orders are issued, the owner, the developer, the regional planning agency or the state land planning agency may appeal the order to the Florida Land and Water Adjudicatory Commission by filing a notice of appeal with the Commission. This section also provides that the Commission is to hold a hearing “pursuant to the provisions of chapter 120.” A chapter 120 proceeding is a hearing de novo intended to formulate final agency action, not to review action taken earlier and preliminarily. The Florida Supreme Court noted that the Legislature had created an ambiguity as to what type of proceeding is intended by combining an “appeal” with a chapter 120 hearing. After reviewing the relevant land and water management statutes, the court concluded that the Legislature intended that the “appeal” to the Commission be a de novo hearing for formulating agency action, which would then be subject to judicial review. The court agreed that to interpret “appeal” as used in section 380.07 in its most narrow technical sense (that is, a review based only on the record below) would render the statute illogical.
In Lagrutta v. City Council of City of Stockton, 9 Cal.App.3d 890, 96 Cal.Rptr. 627 (1970), the Stockton municipal code simply provided that “the action of the Planning Commission ... may be appealed to the City Council.” In that case, the Stockton City Planning Commission had issued a special use permit to the Lagruttas for the establishment of a mobile home park. Residents who were affected by the action filed an appeal from the order of the planning commission. The Stockton city council held a hearing and adopted a resolution which reversed the action of the planning commission, and directed *401 that the special use permit be denied. The Lagruttas then sought a writ of review to vacate the action of the city council. In this action, the Lagruttas contended that the City Council had jurisdiction only to examine the transcript of the previous hearing before the planning commission and thus exceeded its jurisdiction in holding a public hearing and taking additional evidence. They argued that since the city had no express power to hold a de novo hearing, it was precluded from doing so.
The California appeals court rejected this argument on several grounds. First, the court pointed out that the Lagruttas had confused judicial review of zoning decisions with administrative review. Although administrative review is usually called an “appeal,” in most jurisdictions it is a de novo proceeding in which the entire case is repeated. The court found no reason why the city council should be restricted solely to review of the record before the commission where no ordinance limited the council’s review. Second, the court pointed out the hearing before the council must be a public hearing and that there would be no point in requiring the council to hold a public hearing if the council were bound by the findings of the planning commission. Third, the court pointed out that it was the general practice of city councils in conducting hearings on appeal to hear any relevant testimony offered unless specifically restricted by ordinance. Finally, the court pointed out that the Stockton City Charter placed the basic obligation of zoning upon the city council and although the council has the power to delegate portions of this responsibility to the planning commission, the city council, as the legislative body, retained the power and the obligation to make the final decisions upon appeal.
In the present case, section 102 of the Volusia County Land Development Code provides a procedure for approval of development orders. For applications of development orders requiring “minor review,” the Development Review Committee shall grant or deny the development order. For applications requiring “major review,” the county council shall grant or deny the development order. Section 102.07 provides that any person claiming to be aggrieved by the decision of the enforcement official or the Development Review Committee may file a written appeal to have the decision reviewed by the county council.
Since applications requiring major review are already before the county council, it appears that this appeal procedure is primarily for appeals from applications requiring minor review. Section 102.07 requires that the petitioner state the grounds for the appeal and “all of the facts relied upon by the petitioner.” There is nothing in section 102.07 which limits the facts to those presented to the Development Review Committee and Consolidated has not pointed to any other ordinance which so restricts review to the matters presented to the Committee. Allowing the petitioner to rely on facts outside of those presented to the Committee indicates that Volu-sia County intended for the “appeal” to be a de novo hearing before the county council.
Furthermore, the meetings of the county council are open to the public. Volusia County Home Rule Charter §§ 306.1 and 306.2. Consolidated has not pointed to any ordinance which restricts the council in the types of testimony it can receive at its public hearings. As in Stockton, there would be no point in holding a public hearing if the county council were restricted to a review of the matters presented to the Committee.
Finally, under its Home Rule Charter, the county council has the ultimate power in setting policy for the county. §§ 203, 307-308. These factors indicate that the “appeal” under section 102.07 is a mechanism for formulating final action by the council, rather than a judicial-type review limited to the record below. Thus I conclude that the circuit court was incorrect in determining that the Volusia County Council exceeded its jurisdiction by conducting a de novo hearing in this matter.
The circuit court also found that Volusia County had “demonstrated no ordinance, law or regulation justifying the imposition of the two additional requirements imposed by the Volusia County Council.” However, on review of administrative action, the circuit court is only required to determine whether *402 procedural due process was accorded, whether the essential requirements of law had been observed, and whether the findings and judgment are supported by substantial, competent evidence. City of Deerfield Beach; Department of Highway Safety and Motor Vehicles v. Satter, 643 So.2d 692 (Fla. 5th DCA 1994); Rivera v. Dawson, 589 So.2d 1385 (Fla. 5th DCA 1991); City of Sanford v. Seminole County, 538 So.2d 113 (Fla. 5th DCA 1989). Thus, the circuit court also improperly placed the burden on Volusia County to demonstrate a justification for its actions rather than determining whether those actions were supported by substantial, competent evidence.
For the reasons discussed above, I would grant Volusia County’s petition and quash the order of the circuit court.

. Section 681.1095(13) of the lemon law provides as follows:
An appeal of a decision by the [arbitration] board to the circuit court by a consumer or manufacturer shall be by trial de novo. In a written petition to appeal a decision by the board, the appealing party must state the action requested and the grounds relied upon for appeal.