683 So.2d 1158 (1996)
Reinaldo AGUIAR, Jr., Petitioner,
v.
FORD MOTOR COMPANY, Respondent.
No. 96-1856.
District Court of Appeal of Florida, Third District.
December 18, 1996.
Nancy C. Wear, Coral Gables, for petitioner.
William L. Bromagen, Fort Lauderdale, for respondent.
Robert A. Butterworth, Attorney General, Janet L. Smith, Assistant Attorney General, Tallahassee, and Leslie Carson Marlowe, Fort Lauderdale, as amicus curiae.
Before COPE, GODERICH and SHEVIN, JJ.
GODERICH, Judge.
Reinaldo Aguiar, Jr. [consumer] seeks certiorari review of a non-final order denying his motion to strike and for clarification of the burden of proof in the underlying suit pursuant to Florida's Lemon Law.[1] We have jurisdiction, Mason v. Porsche Cars of N. Am., 621 So.2d 719, 721 n. 1 (Fla. 5th DCA), review denied, 629 So.2d 134 (Fla.1993), and grant the petition finding that the order under review departs from the essential requirements of law.
Aguiar, a consumer who bought a new Ford Explorer utility vehicle, asserted that the air conditioner's complete malfunction made it a "lemon" as defined by Chapter 681, Florida Statutes (1993), and requested arbitration before the Florida New Motor Vehicle Arbitration Board [the arbitration board]. After a hearing on November 15, 1995, the arbitration board found in the consumer's favor and ordered Ford Motor Company [manufacturer] to buy back the vehicle from the consumer for a total refund of $9,522.87 and to pay the lienholder of record the balance owed on the loan as of the date of the repurchase of the vehicle.
The manufacturer timely appealed this decision to the circuit court by filing a Petition *1159 for Review and Trial De Novo. § 681.1095(10), (12), Fla.Stat. (1993). In the petition, the manufacturer argued that the air conditioning system did not substantially impair the use, value, or safety of the vehicle. The manufacturer asked the trial court to enter an order granting a trial de novo, requiring the consumer to file a complaint in circuit court, and placing the burden of proof on the consumer. The consumer responded by filing a motion to dismiss. The trial court denied that motion.
The consumer then filed a Motion to Strike and For Clarification of the Burden of Proof. At the hearing on this motion, on June 12, 1996, the consumer argued that the only case law interpreting the "trial de novo" term in the statute had unanimously held that (1) the appellant, in this case, the manufacturer, must carry the burden of proof at the trial de novo and (2) that the arbitration board's decision carried a presumption of correctness. The manufacturer relied on General Motors Corp., Pontiac Motor Division v. Neu, 617 So.2d 406 (Fla. 4th DCA 1993). The trial court heard argument and entered an order denying the consumer's motion. This petition follows.
In Neu, the consumer prevailed before the arbitration board. Thereafter, pursuant to section 681.1095(13), Florida Statutes (1991), the manufacturer filed its petition for review and trial de novo in the circuit court. The circuit court, however, transferred the petition to its appellate division for further proceedings. The manufacturer filed a petition for writ of certiorari, which the Fourth District treated as a writ of mandamus. The Fourth District granted the writ of mandamus finding that because the appeal of the arbitration board's decisions is by trial de novo, requiring the submission of evidence, the appeal must be held before the circuit court, not the circuit court's appellate division. The Neu court did not specifically address whether it is the consumer or the manufacturer who bears the burden of persuasion when the manufacturer appeals the adverse decision of the arbitration board.
We find that the manufacturer's reliance on Neu is misplaced and that the issue raised in this petition was squarely addressed in Mason v. Porsche Cars of North America, 621 So.2d 719 (Fla. 5th DCA 1993), review denied, 629 So.2d 134 (Fla.1993), under essentially identical facts. The Fifth District, in its well-reasoned decision, stated that:
Section 681.1095(13)[[2]] provides that the appealing party must state the action requested and the grounds relied upon for appeal. This indicates that the appealing party has the initial burden of going forward with the evidence in a trial de novo governed by the rules of civil procedure, and the overall burden of persuasion remains on the appellant. The benefits and importance of the compulsory arbitration process would be minimized if the simple filing of a petition could force the successful party in arbitration to seek affirmative relief in the circuit court.
Mason, 621 So.2d at 721; Sheehan v. Winnebago Indus., Inc., 635 So.2d 1067 (Fla. 5th DCA 1994).
Certiorari is granted and the trial court's order is quashed. On remand, we direct the trial court to enter an order consistent with this opinion granting the consumer's petition for clarification of the burden of proof stating that the arbitration board's decision carries a presumption of correctness and that the burden of proof on appeal at the trial de novo is placed on the party seeking review, namely, the manufacturer. Mason; Sheehan.
Petition granted; order quashed and remanded with directions.
NOTES
[1] §§ 681.10-.118, Fla.Stat. (1993).
[2] Subsequently, pursuant to Ch. 92-88, subsection 681.1095(13) was renumbered to subsection 681.1095(12). However, the text has remained the same.