689 So.2d 1132 (1997)
CHRYSLER CORPORATION, Appellant,
v.
Spiro PITSIRELOS, Appellee.
Nos. 96-0215, 96-0514.
District Court of Appeal of Florida, Fourth District.
February 26, 1997.
Rehearing, Rehearing, and Certification Denied April 10, 1997.
*1133 Gregory A. Anderson and John J. Glenn of Anderson Law Offices, Jacksonville, for appellant.
Phillips & Gale, P.A., Port St. Lucie, and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee.
George N. Meros, Jr. and Mary W. Chaisson of Rumberger, Kirk & Caldwell, P.A., Tallahasssee, for amicus curiae-The American Automobile Manufacturers Association and The Association of International Automobile Manufacturers.
Robert A. Butterworth, Attorney General, and Janet L. Smith, Assistant Attorney General, Tallahassee, for amicus curiae-Attorney General of Florida.
Rehearing, Rehearing En Banc, and Certification Denied April 10, 1997.
STONE, Judge.
We affirm an award in favor of a consumer pursuant to chapter 681, Florida Statutes, the Motor Vehicle Warranty Enforcement Act, known as the Florida "Lemon Law." The manufacturer appeals a jury verdict which affirmed, in a trial de novo, an unfavorable arbitration board decision. The jury determined that Appellant had violated the lemon law, that the vehicle's use, value, or safety had been impaired, and that Appellee did not modify or impair the vehicle and had filed for arbitration in good faith. In addition to the value of the vehicle, the jury awarded continuing damages of $25 per day pursuant to section 681.1095(13), Florida Statutes, plus interest. Fees were also awarded.
We find no error in the trial court's recognizing that Appellant had the burden of proof in the trial. Under the statutory scheme, the trial, albeit before a jury, is the method by which a losing manufacturer seeks relief from the arbitrators' decision. The arbitration board decision is introduced in the de novo trial and is presumed to be correct. Aguiar v. Ford Motor Co., 683 So.2d 1158 (Fla. 3d DCA 1996); Mason v. Porsche Cars of N. America, 621 So.2d 719 (Fla. 5th DCA), rev. denied, 629 So.2d 134 (Fla.1993). We have considered Gen. Motors Corp. Pontiac Motor Div. v. Neu, 617 So.2d 406 (Fla. 4th DCA 1993) and deem it inapposite. As the court recognized in Mason, "The benefits and importance of the compulsory arbitration process would be minimized *1134 if the simple filing of a petition would force the successful party in arbitration to seek affirmative relief in the circuit court." Mason at 721. The legislature has deemed the circuit court action as an "appeal" from an adverse arbitration decision. As in any appeal, it is the appellant's burden to demonstrate any error or abuse of discretion to the reviewing tribunal. No other interpretation of this statutory scheme is reasonable.
We also find no merit in Appellant's attack on the Act's constitutionality under federal and state concepts of separation of powers, due process, and access to the courts. Appellant asserts that the $25 per day continuing damage provision of section 681.1095(13) bears no rational relation to any actual damages which could be ascertained. None of Appellant's constitutional challenges are sufficient to overcome the strong presumption in favor of the validity of the statute. See State v. Kinner, 398 So.2d 1360, 1363 (Fla. 1981); Carter v. Sparkman, 335 So.2d 802, 805 (Fla.1976), cert. denied, 429 U.S. 1041, 97 S.Ct. 740, 50 L.Ed.2d 753 (1977); Sarasota County v. Barg, 302 So.2d 737 (Fla.1974);Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321 (1942).
The general test applied to determine whether the statute violates due process rights is "whether the statute bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary or oppressive." Lasky v. State Farm Ins. Co., 296 So.2d 9, 15 (Fla.1974). Clearly the $25 per day continuing damage allowance is a valid legislative estimation of hard to quantify damages, including the estimated cost of renting alternative transportation. Although not conclusive, we note that this view is supported by legislative history. It can hardly be argued that the procedure adopted by subsection (10), (12), and (13) of the Act does not bear a reasonable relation to remedying unfair burdens placed on consumers by the inherent advantage of a manufacturer in a warranty dispute and appeal process. These provisions, essentially, even the playing field. We also note that statutory mandated damage awards are not unique. See Harris v. Beneficial Fin. Co. of Jacksonville, 338 So.2d 196 (Fla.1976), cert. denied, 430 U.S. 950, 97 S.Ct. 1591, 51 L.Ed.2d 800 (1977). See also Ford Motor Co. v. Barrett, 115 Wash.2d 556, 800 P.2d 367 (1990).
We reject the argument that the statutory continuing damage assessment denies access to the courts by placing a financial obstacle in the way of a manufacturer's appeal. See generally Kluger v. White, 281 So.2d 1 (Fla. 1973). Appellant relies on Kluger for support. Kluger held that where a right of access to the courts for redress of a particular injury has been provided by statutory law pre-dating Florida's Constitution, or where that right has become part of the state's common law, the legislature cannot abolish that right without providing a reasonable alternative. Kluger at 4.
Initially, we note that subsection (13), rather than impacting a right predating the state constitution, essentially creates a new right and remedy, recognizing that where the manufacturer elects to continue denying payment after arbitrators have determined the obligation and amount owed, it is properly and reasonably held responsible for presumed continuing damages and inconvenience caused by its delay in payment. See Life & Casualty Ins. Co. of Tenn. v. McCray, 291 U.S. 566, 54 S.Ct. 482, 78 L.Ed. 987 (1934); Lyeth v. Chrysler Corp., 734 F.Supp. 86, 92 (W.D.N.Y.1990), modified on other grounds, 929 F.2d 891 (2d Cir.1991). In Life & Casualty, the Court warned that, "One who refuses to pay when the law requires that he shall, acts at his peril, in the sense that he must be held to the acceptance of any lawful consequences attached to the refusal.... [T]he penalty may be no more than the fair price of the adventure ... [but] the litigant must pay for his experience, like others who have tried and lost." Id. at 574-75, 54 S.Ct. at 486. The patent purpose of the provision in question is to encourage manufacturers to promptly resolve these claims. It does not take away any preexisting right. The manufacturer, under the Act, always has the option of limiting its exposure by paying the consumer the sums due, and then challenging the law by seeking declaratory relief.
*1135 We further reject the contention that the Act violates separation of powers principles by permitting an executive branch arbitration board to exercise judicial power. Executive branch quasi-judicial proceedings by administrative bodies or boards are permitted under article V, section 1 of the Florida Constitution. The list of instances that might be cited as examples of authorized exercises of such authority is long; examples could include hearings conducted by state hearing officers of claims under the Florida Birth-Related Neurological Injury Compensation Plan, arbitration employed by the Department of Business and Professional Regulation under chapter 718, Florida Statutes, and mediation of disputes between mobile home residents and park owners.
We decline a request by counsel to address a challenge to section 681.1095(14), giving trial courts discretion to impose an appeal bond, as that section was not applied by the trial court here and the subject is therefore not ripe for our review. We have considered, and do affirm, all other issues raised on appeal.
GLICKSTEIN and STEVENSON, JJ., concur.