KLEIN, Judge.
Petitioner obtained a favorable result in an arbitration pursuant to Florida’s Lemon Law, Chapter 681 of the Florida Statutes (1995) and respondent Toyota filed a petition in the circuit court to review that result, seeking a trial de novo. Petitioner interprets a non-final order denying her motion to dismiss or strike in the circuit court proceeding as placing the burden of proof on her in the circuit court proceeding, and argues that this is a departure from the essential requirements of law because the burden of proof in Lemon Law cases being reviewed in the circuit court is on the petitioner. Chrysler Corp. v. Pitsirelos, 689 So.2d 1132 (Fla. 4th DCA), rev. granted, 697 So.2d 1215 (Fla.1997); Aguiar v. Ford Motor Co., 683 So.2d 1158 (Fla. 3d DCA 1996); Mason v. Porsche Cars of N. Am., 621 So.2d 719 (Fla. 5th DCA 1993).
On a petition for certiorari to review a non-final order of the circuit court, we first determine whether the order is capable of causing irreparable harm which cannot be cured on final appeal. Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). Petitioner relies on Mason, which did grant certiorari under similar circumstances; however, the fifth district did not explain in Mason how the order would cause irreparable harm which could not be cured by final appeal. Petitioner also cites Aguiar, in which the third district granted certiorari under similar circumstances, citing Mason as authority for jurisdiction, without addressing irreparable harm.
In Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1100 (Fla.1987), our supreme court concluded that certiorari would not lie to review an order denying a motion to dismiss or strike a claim for punitive damages, and observed that permitting “interlocutory appeals by certiorari in this instance would result in unwarranted harm to our system of procedure. The rationale employed in this case could as easily be applied to the erroneous denial of a motion for summary judgment or a motion to join or dismiss a party.”[1] *1010 The non-final order in the present case is, in our opinion, precisely the type of order which we do not have jurisdiction to review by certiorari under Martin-Johnson. We therefore dismiss the petition for lack of jurisdiction.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.

. The specific holding in Martin-1 dhnson involving punitive damages has been superseded by *1010 section 768.72, Fla. Stat. (1989) as we recognized in Henn v. Sandler, 589 So.2d 1334 (Fla. 4th DCA 1991). The remainder of the opinion expressing general principles regarding common law certiorari remains good law.