579 So.2d 304 (1991)
COMMUNITY HOSPITAL of the Palm Beaches, Inc., D/B/a Humana Hospital  Palm Beaches, Richard A. Berjian, D.O., and Eric J. Goldberg, M.D., Petitioners,
v.
Luis GUERRERO, M.D., Respondent.
No. 90-3435.
District Court of Appeal of Florida, Fourth District.
May 8, 1991.
*305 Atlee W. Wampler III of Wampler, Buchanan & Breen, Miami, for petitioners.
Jack Scarola of Searcy Denny Scarola Barnhart & Shipley, P.A., and Philip M. Burlington of Edna L. Caruso, P.A., West Palm Beach, for respondent.
PER CURIAM.
The petition for writ of certiorari filed by the hospital is denied. We approve and uphold the trial court decision that the bond provisions of sections 395.0115(8)(b) and 768.40(6)(b),[1] Florida Statutes, violate Article I, Section 21 of the Florida Constitution as an unconstitutional burden on access to the courts. Psychiatric Associates v. Siegel, 567 So.2d 52 (Fla. 1st DCA 1990). The statutory provisions in question require a health care professional, contesting peer review or related decisions involving discipline or a loss of privileges, to post security in the amount of the opposing parties' potential attorney's fees in order to litigate. Here, the amount of bond in question is $150,000.00. The reasoning supporting the trial court decision is fully expressed in Judge Anstead's dissenting opinion in Guerrero v. Humana, Inc., 548 So.2d 1187 (Fla. 4th DCA 1989), adopted by the First District in Siegel. Nothing is to be gained by repeating it here.
Therefore, the trial court order does not violate the essential requirements of law and the petition is denied.
GUNTHER, STONE and GARRETT, JJ., concur.
NOTES
[1] Renumbered as § 766.101(6)(b).