721 So.2d 710 (1998)
CHRYSLER CORPORATION, Petitioner,
v.
Spiro PITSIRELOS, Respondent.
No. 90533.
Supreme Court of Florida.
September 17, 1998.
Rehearing Denied December 10, 1998.
Gregory A. Anderson and John J. Glenn of the Anderson Law Offices, Jacksonville, for Petitioner.
Jack Gale of Phillips, Gale, Ziskinder, P.A., Fort Pierce, and Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for Respondent.
George N. Meros, Jr. and Mary W. Chaisson of Rumberger, Kirk & Caldwell, P.A., Tallahassee, for The American Automobile Manufacturers Association and The Association *711 of International Automobile Manufacturers, Amici Curiae.
Janet L. Smith, Assistant Attorney General, Tallahassee, for Robert A. Butterworth, Attorney General of the State of Florida, Amicus Curiae.
WELLS, Justice.
We have for review Chrysler Corporation v. Pitsirelos, 689 So.2d 1132 (Fla. 4th DCA 1997), in which the Fourth District Court of Appeal: (1) expressly declared valid chapter 681, Florida Statutes (1989), the Motor Vehicle Warranty Enforcement Act (Lemon Law); and (2) affirmed a trial de novo appeal process in which the burden of persuasion was placed on the automobile manufacturer and a presumption of correctness was given to the decision of the Florida New Motor Vehicle Arbitration Board (Arbitration Board). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
For the reasons expressed in this opinion, we hold that Florida's Lemon Law as we now construe it and require it to be applied is constitutional. In so holding, we conclude that the Arbitration Board's decision is to be admitted into evidence in the trial de novo appeal proceeding but that the decision is not to be afforded a presumption of correctness. Rather, it is to be considered as other evidence and given the weight the fact-finder deems appropriate. We therefore quash the decision below and remand this case with directions that the trial court conduct a new proceeding in accordance with this opinion.

FACTS
In August of 1989, Spiro Pitsirelos purchased a Dodge Daytona with a T-top from Charlie's Dodge in Fort Pierce, Florida. Pitsirelos experienced a problem closing the driver-side window and returned the vehicle to the dealership for repairs. After several failed attempts by the dealership to correct the problem, Pitsirelos provided written notification of the defect to Chrysler Corporation, the manufacturer of the vehicle, in accordance with section 681.104(1), Florida Statutes (1989), affording Chrysler a final opportunity to repair the vehicle. The defect was not repaired, and Pitsirelos, pursuant to section 681.1095, Florida Statutes (1989), applied for arbitration proceedings before the Arbitration Board. Following a hearing, the Arbitration Board concluded that Pitsirelos's vehicle was a "lemon" within the meaning of the Lemon Law and ordered Chrysler to pay Pitsirelos the value of the vehicle plus incidental charges.
Chrysler filed a petition for a trial de novo appeal with the Circuit Court for St. Lucie County under section 681.1095(13).[1] The case was tried before a jury, and the Arbitration Board's decision was introduced as evidence. Following closing arguments, the trial judge instructed the jury that the trial de novo is an appeal by Chrysler of the Arbitration Board's decision. The judge further instructed the jury that the Arbitration Board's decision was presumed correct and that Chrysler bore the burden of proving the decision to be incorrect. The jury determined that Chrysler violated the Lemon Law and awarded Pitsirelos the value of the vehicle, continuing damages of $25 per day, attorney fees, and costs.
On appeal, the Fourth District affirmed. Pitsirelos, 689 So.2d at 1135. First, the district court concluded that the trial court correctly placed the burden of proof on Chrysler and that the Arbitration Board's decision was admissible and presumed correct. Id. at 1133. The court then addressed the constitutionality of the $25-per-day continuing damage provision of section 681.1095(14), Florida Statutes (1989). On this issue, the court concluded that the award satisfied due process requirements and that it did not deny Chrysler access to our courts. Id. at 1134. The court reasoned that chapter 681, Florida Statutes (1989), did not modify an existing right; rather, it created a new right and remedy. Last, the district court rejected the argument that the Lemon Law violates separation-of-powers principles by permitting an executive branch arbitration board to exercise judicial power. Id. at 1135.

*712 THE FLORIDA LEMON LAW
Florida enacted its version of the Model Lemon Law in 1983 to provide consumers with an alternative dispute resolution procedure to traditional court breach-of-warranty actions or federal actions under the Magnuson-Moss Warranty Act.[2] Section 681.103(1), Florida Statutes (1989),[3] requires a motor vehicle manufacturer or its authorized service agent to make repairs necessary to conform a vehicle to its warranty. If the manufacturer or service agent is unable to correct a nonconformity within a reasonable number of attempts, the consumer is entitled to a replacement vehicle or a refund of the full purchase price of the vehicle.[4] If the manufacturer decides not to provide the consumer with a refund or replacement vehicle and the manufacturer has not established informal dispute settlement procedures, the consumer may apply for arbitration before the Arbitration Board.[5] An application for arbitration by the Arbitration Board is a precondition to the consumer filing a court action predicated on the Lemon Law.[6] The statute expressly states that the Administrative Procedure Act, chapter 120, Florida Statutes, does not apply to Arbitration Board proceedings or decisions or to any appeals therefrom.[7]
The legislative intent of the Lemon Law is set forth in section 681.101, Florida Statutes (1989):
The Legislature recognizes that a motor vehicle is a major consumer purchase and that a defective motor vehicle undoubtedly creates a hardship for the consumer. The Legislature further recognizes that a duly franchised motor vehicle dealer is an authorized service agent of the manufacturer. It is the intent of the Legislature that a good faith motor vehicle warranty complaint by a consumer be resolved by the manufacturer within a specified period of time. It is further the intent of the Legislature to provide the statutory procedures whereby a consumer may receive a replacement motor vehicle, or a full refund, for a motor vehicle which cannot be brought into conformity with the warranty provided for in this chapter. However, nothing in this chapter shall in any way limit or expand the rights or remedies which are otherwise available to a consumer under any other law.
The Lemon Law is clearly intended as an alternative dispute resolution procedure to resolve motor vehicle warranty disputes in expedited proceedings at less cost to consumers than traditional court proceedings. This clear intent is evidenced by the express time limits set forth in the statutory process, specifically: (1) the manufacturer must submit proceedings to the Arbitration Board within thirty days after a certified informal dispute settlement process has failed;[8] (2) the Arbitration Board must hear the dispute within forty calendar days;[9] (3) the arbitration board shall reach a decision within sixty days after the date the consumer's request for arbitration is approved;[10] (4) if the decision is in favor of the consumer, the manufacturer must appeal to the circuit court within thirty days or comply with the decision within forty days;[11] (5) if the consumer decides to appeal, he or she must do so within thirty *713 days;[12] and (6) if an appeal by the manufacturer is unsuccessful, the manufacturer is subject to continuing damages of $25 a day for all days beyond forty days after its receipt of the Arbitration Board's decision.[13] The entitlement of either the consumer or manufacturer to a trial de novo appeal proceeding in the circuit court[14] after completion of this mandatory alternative dispute resolution procedure respects the access-to-courts provision in the Florida Constitution,[15] due process, and separation of powers.
Based on our review, we conclude that three issues pertaining to the Lemon Law merit discussion: (1) whether the consumer or the manufacturer bears the burden of proof at a trial de novo appeal proceeding; (2) whether the Arbitration Board's decision is entitled to a presumption of correctness at the trial de novo appeal proceeding; and (3) whether the continuing damages provision unconstitutionally penalizes the manufacturer for appealing the Arbitration Board's decision.[16]

(1) BURDEN OF PERSUASION AT TRIAL DE NOVO APPEAL PROCEEDING
Section 681.1095 reads in part as follows:
(13) An appeal of a decision by the board to the circuit court by a consumer or a manufacturer shall be by trial de novo. In a written petition to appeal a decision by the board, the appealing party must state the action requested and the grounds relied upon.
Chrysler asserts that it was erroneously required to bear the burden of proof in the trial de novo. Chrysler argues that the plain meaning of the term "trial de novo" evinces the legislature's intent for an appeal from an Arbitration Board decision to be a new trial, as if no previous proceeding had been held, and that the party who originally sought relief, i.e., the consumer, should be required to bear the burden of proof. We find that Chrysler's analysis of the "trial de novo" does not conform with the statutory alternative dispute resolution procedure in chapter 681, Florida Statutes.
We agree with the conclusion reached by the Fifth District in Mason v. Porsche Cars of North America, 621 So.2d 719 (Fla. 5th DCA 1993). In Mason, the district court held that under the procedure established by the legislature in chapter 681, Florida Statutes, the party appealing the Arbitration Board's decision carries the burden of proof. The court reasoned as follows:
Section 681.1095(13) provides that the appealing party must state the action requested and the grounds relied upon for appeal. This indicates that the appealing party has the initial burden of going forward with the evidence in a trial de novo governed by the rules of civil procedure, and the overall burden of persuasion remains on the appellant. The benefits and importance of the compulsory arbitration process would be minimized if the simple filing of a petition could force the successful party in arbitration to seek affirmative relief in the circuit court.
Id. at 721; see also Aguiar v. Ford Motor Co., 683 So.2d 1158 (Fla. 3d DCA 1996); Sheehan v. Winnebago Industries, Inc., 635 So.2d 1067 (Fla. 5th DCA 1994).
Accepting Chrysler's position that the burden of persuasion remains with a consumer even after the consumer prevails before the Arbitration Board would relegate the mandatory arbitration to simply being a procedural impediment to the consumer prior to accessing the circuit court without the counter-balancing benefit to which the prevailing party in the arbitration should be entitled. The benefit to a prevailing consumer is that the manufacturer is required to petition the circuit court for relief and to go forward with the evidence and have the burden of persuasion *714 in establishing why the Arbitration Board's decision was erroneous.
Moreover, it is only logical that the party that filed the petition in the circuit court, i.e., the party seeking affirmative relief, be the party that bears the burden of persuading that the relief sought in the circuit court should be granted. We find no constitutional barrier to this procedure. Accordingly, we hold that in a trial de novo appeal proceeding under section 681.1095(13), Florida Statutes (1989), the party appealing the decision of the Arbitration Board to the circuit court, whether consumer or manufacturer, bears the burden of going forward with the evidence and of persuasion in the trial de novo appeal proceeding.

(2) PRESUMPTION OF CORRECTNESS
Although the Arbitration Board's decision is admissible in a trial de novo, we conclude that the decision is not to be given a presumption of correctness. The district court below held that "[t]he arbitration board decision is introduced in the de novo trial and is presumed to be correct." Pitsirelos, 689 So.2d at 1133 (citing Aguiar; Mason). Section 681.1095(10), Florida Statutes (1989), states that "[i]n any civil action arising under this chapter and relating to a dispute arbitrated before the board, any decision by the board is admissible in evidence." It is important to emphasize that this statute makes no reference to the weight which should be assigned to the Arbitration Board's decision in the trial de novo.
The Arbitration Board was created as a mandatory alternative dispute resolution procedure under the auspices of the Department of Legal Affairs of the Attorney General's Office of the State of Florida. Proceedings before the Arbitration Board are informal and exempt from the provisions of chapter 120. The rules of evidence and civil procedure do not apply. To interpret section 681.1095(10), Florida Statutes (1989), as mandating that the decision of the Arbitration Board be presumed correct in the trial de novo appeal would raise a serious issue as to whether it would violate article I, section 9, and article II, section 3, of the Florida Constitution because it would diminish the right to have the ultimate decision in a case made by a court.
We believe that the intent of the statute is achieved by requiring the party that petitions for a trial de novo appeal to have the burden of going forward with the evidence but treating the Arbitration Board's decision only as evidence with its weight to be determined by the fact-finder. The statute says that the decision is to be admitted into evidence and does not say that it is to be afforded a presumption of correctness. We conclude that the statute should be applied as written. To the limited extent the decisions in Mason, Sheehan, and Aguiar conflict with this opinion on this issue, we disapprove those decisions. We quash the decision of the district court in this case as to this issue.

(3) CONTINUING DAMAGES AWARDS
The Fourth District affirmed the trial court's award to Pitsirelos of continuing damages under subsection 681.1095(14), Florida Statutes (1989). The relevant portion of that statute reads:
If a decision of the board in favor of the consumer is upheld by the court, recovery by the consumer shall include, if applicable, the pecuniary value of the award, attorney's fees incurred in obtaining confirmation of the award, and all costs and continuing damages in the amount of $25 per day for all days beyond the 40 calendar day period following the manufacturer's receipt of the board's decision.
The Fourth District held that the continuing damages provision does not violate constitutional concepts of access to courts or due process. Pitsirelos, 689 So.2d at 1134. We qualifiedly agree. Our conclusion is dependant upon our view that the continuing damages provision is intended solely to reimburse the consumer for expenses relating to the loss of use of the vehicle during the pendency of the trial de novo appeal proceeding. By providing for replacement and refund remedies, the Lemon Law seeks to place consumers in either the position they would have been in had the vehicle conformed to the warranty or the position they *715 would have been in had they not purchased the vehicle.
We conclude that the statute liquidates the value of the loss of use at $25 per day rather than requiring the consumer to quantify by proof the loss of use. The remedies provided in the Lemon Law, exclusive of bad faith on the part of the consumer or manufacturer, are compensatory in nature. If we construed the continuing damages provision to punish manufacturers for appealing adverse decisions of the Arbitration Board in good faith, the rights of manufacturers to due process and access to courts would be violated. Consequently, to be constitutional, we hold that the consumer must present evidence of loss of use of the vehicle at the trial de novo appeal to support an award of continuing damages. If the loss of use is proven, the $25 per day represents an appropriate award of liquidated damages.
Accordingly, we quash the decision below and remand this case with directions that the trial court conduct a new proceeding in accordance with our opinion.
It is so ordered.
HARDING, C.J., and SHAW, KOGAN and ANSTEAD, JJ., concur.
OVERTON, J., concurs in part and dissents in part with an opinion.
OVERTON, Justice, concurring in part and dissenting in part.
I concur in the result reached by the majority. The decision of the district court in this case must be quashed and a new trial de novo must be conducted. I also concur that the decision of the Arbitration Board, although admissible into evidence at the trial de novo, must not be afforded a presumption of correctness. In addition, I agree that the consumer must present evidence of loss of use of the vehicle to support a continuing damages award. I dissent, however, to the majority's holding regarding which party bears the burden of proof at the trial de novo. I also believe that the majority needs to address whether the Lemon Law trial de novo may be conducted before a jury.
The majority holds that the party appealing the decision of the Arbitration Board bears the burden of proving that decision to be erroneous. On its face, such a holding appears logical. With specific regard to the Lemon Law, however, the majority's holding defies the plain meaning of the statute and, in particular, the use of the term "trial de novo." I would hold that the consumer carries the initial burden of proof at both the arbitration proceeding and the trial de novo, regardless of whether the Arbitration Board ruled in the consumer's favor.
Although section 681.1095(13) refers to the trial de novo as an "appeal," the trial de novo is not in the nature of a standard appeal from a lower court decision because the Arbitration Board decision is not under appellate review. The circuit court does not examine the arbitration decision for error or injustice; rather, the circuit court conducts a trial at which liability is determined. The plain meaning of "trial de novo" is "a new trial or retrial in which the whole case is retried as if no trial whatever had been held in the first instance." Black's Law Dictionary 1505-06 (6th ed.1990)(emphasis added). Thus, the circuit court proceeding is a new trial, as if no arbitration proceeding had been held, at which the consumer retains the burden of proving that the vehicle does not conform to the manufacturer's warranties.
Contrary to the assertion of the majority, the value of the arbitration proceeding to the consumer would not be minimized by requiring the consumer to bear the initial burden of proof at the trial de novo. The arbitration proceeding benefits the consumer by affording an opportunity to resolve the warranty dispute in a relatively expeditious and inexpensive manner. Moreover, section 681.1095(10) provides that the decision of the Arbitration Board may be admitted into evidence at the trial de novo. In my view, a favorable arbitration decision would be powerful evidence in support of the consumer's claim.
To support the holding that the appealing party bears the burden of proof at the trial de novo, the majority and the district court below note that section 681.1095(13) requires the appealing party to state in a written *716 petition the action requested and the grounds relied upon. I believe the purpose of this requirement is to enable the circuit court to determine whether the trial de novo was sought in good faith. Section 681.1095(14) permits the court to double or triple the amount of damages to the consumer if the manufacturer filed the petition for a trial de novo in bad faith. Under section 681.106, the court may order the consumer to pay the costs and attorney fees incurred by the manufacturer if the consumer's claim was filed in bad faith.
The majority opinion does not address whether the Lemon Law trial de novo may be conducted before a jury. The replacement and refund remedies available to consumers under the Lemon Law are analogous to the equitable remedies of specific performance and rescission to restore the status quo, as fully explained in Motor Vehicle Manufacturers Association of the United States, Inc. v. State, 75 N.Y.2d 175, 551 N.Y.S.2d 470, 472-73, 550 N.E.2d 919, 922 (N.Y.1990)(construing New York's version of the Model Lemon Law). Moreover, the Lemon Law does not direct a jury to serve as the finder of fact, and there is no common law right to a jury trial because this is not an action that existed at common law. I find that there is no right to a jury in a Lemon Law trial de novo. To permit a jury trial will slow down the Lemon Law proceedings, which is contrary to the legislature's intent in enacting this expedited process.
The majority has properly remanded this case for a new trial de novo, albeit one in which the court is left to guess whether a jury trial is or is not appropriate. The majority has misconstrued this statute by placing the burden on the manufacturer to prove a negativethat the vehicle it built is not a lemon. I find that such a construction is contrary to the plain meaning of the term "trial de novo" as used in the Lemon Law.
NOTES
[1] Pitsirelos "counterclaimed" a violation of the Lemon Law under chapter 681 and breaches of express and implied warranties under chapter 672, Florida Statutes (1989). We do not address the propriety of combining a Lemon Law claim with other causes of action.
[2] 15 U.S.C. §§ 2301-2312 (1994).
[3] Section 681.103(1), Florida Statutes (1989), provides in relevant part:

If a motor vehicle does not conform to the warranty and the consumer reports the nonconformity to the manufacturer, or its authorized service agent, during the Lemon Law rights period, the manufacturer, or its authorized service agent, shall, at no cost to the consumer, make such repairs as are necessary to conform the vehicle to the warranty....
[4] § 681.104, Fla. Stat. (1989). A "nonconformity" is "a defect or condition that substantially impairs the use, value, or safety of a motor vehicle." § 681.102(12), Fla. Stat. (1989).
[5] § 681.109(3), Fla. Stat. (1989).
[6] § 681.1095(4), Fla. Stat. (1989).
[7] § 681.1095(12), Fla. Stat. (1989).
[8] § 681.1095(5), Fla. Stat. (1989).
[9] § 681.1095(10), Fla. Stat. (1989).
[10] § 681.1095(10), Fla. Stat. (1989).
[11] §§ 681.1095(10), (11), Fla. Stat. (1989).
[12] § 681.1095(11), Fla. Stat. (1989).
[13] § 681.1095(14), Fla. Stat. (1989).
[14] § 681.1095(13), Fla. Stat. (1989).
[15] Art. I, § 21, Fla. Const.
[16] The concurring and dissenting opinion raises an issue as to the appropriateness of a jury in a trial de novo appeal proceeding under the Lemon Law. The parties consented to a jury trial and have not raised this issue. Therefore, in this case we do not decide whether there is an entitlement to a jury trial under the Lemon Law.