753 So.2d 55 (2000)
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant,
v.
PINNACLE MEDICAL, INC., etc., and M & M Diagnostics, Inc., Appellees.
Delta Casualty Company and Bankers Insurance Company, Appellants,
v.
Pinnacle Medical, Inc., etc., and M & M Diagnostics, Inc., Appellees.
Nos. SC94494, SC94539.
Supreme Court of Florida.
February 3, 2000.
*56 Clay W. Schacht and Christopher S. Reed of Jack, Wyatt, Tolbert & Turner, P.A., Maitland, Florida; Brian D. DeGailler of Litchford & Christopher, Orlando, Florida; and Tracy Raffles Gunn of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, Florida, for Appellants.
Charles J. Kane and Harley N. Kane of Greenspan & Kane, Boca Raton, Florida; and Mark Tischhauser and Wendy Coxhead, Tampa, Florida, for Appellees.
Thomas J. Maida and Austin B. Neal of Foley & Lardner, Tallahassee, Florida; and Perry Ian Cone, Chair, Auto Committee, Florida Insurance Council, Tallahassee, Florida, for the Florida Insurance Council and the National Association of Independent Insurers, Amici Curiae.
Dock A. Blanchard, Ocala, Florida, for the Academy of Florida Trial Lawyers, Amicus Curiae.
James K. Clark, Miami, Florida, for State Farm Mutual Insurance Company, Amicus Curiae.
Russel M. Lazega and Daniel T. Chang of The Law Office of Russel Lazega, North Miami, Florida, for Broward Chiropractic Associates, Town & Country Neurological Consultants, Kern Chiropractic Wellness Center, and MedScan Open-MRI, Amici Curiae.
WELLS, J.
We have on appeal Delta Casualty Co. v. Pinnacle Medical, Inc., 721 So.2d 321 (Fla. 5th DCA 1998), a decision in which the Fifth District Court of Appeal declared a portion of section 627.736(5), Florida Statutes (1995), unconstitutional. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.

FACTS AND PROCEDURAL HISTORY
The case below was a consolidated appeal. The facts in the first case heard by the County Court for Orange County are summarized as follows.
Respondent Pinnacle Medical, Inc. (Pinnacle) provided medical treatment to Jacques Louis Raymond, who was injured in an automobile accident. Raymond was insured by a personal injury protection (PIP) insurance policy issued by petitioner Delta Casualty Company (Delta). In return for his treatment, Raymond assigned his right to receive benefits under the policy to Pinnacle. Pinnacle submitted the medical bills to Delta, which refused to pay them. Pinnacle, as Raymond's assignee, brought an action for breach of the insurance contract. Delta moved to dismiss the case, claiming that the dispute had to be referred to binding arbitration in accordance with section 627.736(5), Florida Statutes (1995).
The trial court denied Delta's motion to dismiss and to compel arbitration. The trial court found that section 627.736(5) was unconstitutional under Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974), in which this Court held that the test used to determine whether a statute violates due process "is whether the statute bears a reasonable relation to a permissible legislative objective and is not discriminatory, arbitrary or oppressive." Id. at 15. The trial court determined that the legislative objective of section 627.736(5) was to deny the right to litigate certain claims in court based on who owns the claim and that, given the right to seek redress in court provided by article I, section 21 of the Florida Constitution, this could not be considered a legitimate government objective. The trial court concluded that the mandatory arbitration provision of section 627.736(5) violated the parties' due process rights in violation of article I, section 9 of the Florida Constitution.
On appeal, the Fifth District affirmed. The district court determined that under *57 Lasky section 627.736(5) violated due process by arbitrarily discriminating against medical providers. The district court found that the statute, in requiring medical providers to arbitrate disputes concerning an assigned claim while allowing insureds to sue insurers in court, granted or denied access to courts on the sole basis of who owns the claim. The district court determined that if the legislative objective of the statute was to reduce court congestion, that objective could not be achieved in such an arbitrary and discriminatory manner.
The Fifth District also considered the provision as to prevailing party attorney fees in section 627.736(5). The district court found that the provision arbitrarily discriminates against medical providers by subjecting them to a prevailing party test of attorney fees, while allowing insureds to recover fees under section 627.428(1), Florida Statutes (1995). The district court concluded that section 627.736(5) violated article I, section 9 of the Florida Constitution.

LAW AND ANALYSIS
Under Florida's Motor Vehicle No-Fault Law,[1] motorists provide their own PIP insurance for medical payments and lost wages up to a statutorily mandated amount. Section 627.736(5) requires that any charges for medical services provided to a person covered by PIP be reasonable and allows for an insurer to pay benefits directly to those providing the services. The portion of section 627.736(5) declared unconstitutional by the district court states:
Every insurer shall include a provision in its policy for personal injury protection benefits for binding arbitration of any claims dispute involving medical benefits arising between the insurer and any person providing medical services or supplies if that person has agreed to accept assignment of personal injury protection benefits. The provision shall specify that the provisions of chapter 682 relating to arbitration shall apply. The prevailing party shall be entitled to attorney's fees and costs.[[2]]
We agree with the Fifth District that the mandatory arbitration provision of section 627.736(5) is unconstitutional. However, we reach this conclusion by finding that the provision violates the right of medical providers to access to courts provided under article I, section 21 of the Florida Constitution. We also find that the attorney-fee provision of section 627.736(5) violates the due process rights of medical providers in violation of article I, section 9 of the Florida Constitution.
Section 627.736(5) prohibits medical provider-assignees from pursuing a breach of contract claim in court. In Kluger v. White, 281 So.2d 1 (Fla.1973), this Court held that when a right of redress in courts preexisted the adoption of the Declaration of Rights of Florida's Constitution the Legislature cannot abolish that right without providing a reasonable alternative unless the Legislature can show an overpowering public necessity for its abolishment and no alternative method of meeting such public necessity. Id. at 4.
Petitioner argues that section 627.736(5) does not violate medical providers' access to courts because there is no preexisting right of medical providers to recover directly from insurers and that an alternative means of redress has been provided. We disagree.
The right of an assignee to sue for breach of contract to enforce assigned rights predates the Florida Constitution. See Robinson v. Nix, 22 Fla. 321 (1886). As an alternative to seeking redress in the courts, section 627.736(5) provides for arbitration *58 pursuant to the provisions of Florida's Arbitration Code. For the reasons set forth herein, we find that this is not a reasonable alternative.
In Chrysler Corporation v. Pitsirelos, 721 So.2d 710 (Fla.1998), this Court examined section 681.1095(4), Florida Statutes (1989), part of Florida's Motor Vehicle Warranty Enforcement Act, which requires parties in motor vehicle warranty disputes to submit to arbitration before filing an action in circuit court. Section 681.1095(13), Florida Statutes (1989), provided for a trial de novo in the circuit court for a party who appealed the arbitration award. 721 So.2d at 713. We determined that the entitlement of either party to a trial de novo in the circuit court after completion of the mandatory arbitration respected the parties' access to courts. Id. We noted, however, that a statutory requirement that the arbitration board's decision be presumed correct in the trial de novo would raise serious concerns as to whether such a statute would violate access to courts because it would diminish the right to have the ultimate decision in a case made by a court. Id. at 714.
Section 627.736(5) does not provide for a trial de novo in the circuit court. Section 627.736(5) states that the provisions of chapter 682, Florida's Arbitration Code, shall apply. Under section 682.20, Florida Statutes (1997), parties may appeal an arbitration award only in limited circumstances,[3] and courts attach a high degree of conclusiveness to the award. See District School Board of St. Johns County v. Timoney, 524 So.2d 1129 (Fla. 5th DCA 1988); Prudential-Bache Securities, Inc., v. Shuman, 483 So.2d 888 (Fla. 3d DCA 1986). The limited review and the conclusiveness attached to the arbitration award without the right of a trial de novo diminishes the right to have the ultimate decision in a case made by a court. As we noted in Pitsirelos, this violates medical providers' access to courts.[4]
In other cases in which this Court has found a reasonable alternative to exist, a party's ability to pursue a remedy in court was replaced with substantially more rights than in the instant case. In Eller v. Shova, 630 So.2d 537 (Fla.1993), this Court explained that the system of workers' compensation that provided no-fault recovery was a reasonable alternative to the right to sue one's employer for a work-related injury. Id. at 542-43. As explained in Smith v. Department of Insurance, 507 So.2d 1080 (Fla.1987), this Court in Lasky found that the provision of Florida's No-Fault Law that denied a plaintiff the right to sue unless certain threshold damages existed was not a violation of access to courts because the right was replaced with the ability to recover uncontested benefits and an exemption from tort liability. Id. at 1088. In other instances where mandatory arbitration was found not to violate access to courts, a right of appeal existed, see Department of Agric. & Consumer Servs. v. Bonanno, 568 So.2d 24 (Fla.1990), or the *59 mediation or arbitration was a prerequisite to filing the cause of action in court. See Carter v. Sparkman 335 So.2d 802 (Fla. 1976).
No such commensurate benefits or procedural safeguards exist for medical providers subject to arbitration pursuant to section 627.736(5). Medical providers still must prove they are entitled to recover under the assigned contract, with limited appellate review of the issue, and are subject to additional liability due to the prevailing party standard of determining an award of attorney fees. Section 627.736(5) does not provide a reasonable alternative to medical providers having their claims heard in court, nor has the Legislature shown an overpowering public necessity for abolishing this right. Therefore, we conclude that the mandatory arbitration provision in section 627.736(5), Florida Statutes (1997), denies medical providers access to courts in violation of article I, section 21 of the Florida Constitution.
We also find that the attorney-fee provision in section 627.736(5) violates medical providers' due process rights. As stated in Lasky, in order to determine whether a statute violates due process, we must determine whether the statute bears a reasonable relationship to a legitimate legislative objective and is not discriminatory, arbitrary, or oppressive. Id. at 15.
An objective of Florida's Motor Vehicle No-Fault Law was to provide persons injured in an accident with prompt payment of benefits. Id. at 16. Similarly, the legislative objective of section 627.428(1), Florida Statutes, which provides for an award of attorney fees against insurers who wrongfully deny benefits, was to discourage insurance companies from contesting valid claims and to reimburse successful insureds for their attorney fees when they are compelled to sue to enforce their insurance contracts. See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 833 (Fla.1993). Section 627.736(5) replaces section 627.428(1) attorney fees with an award of attorney fees based on who was the "prevailing party" at arbitration.[5] Under section 627.736(5), medical provider-assignees are subject to attorney fees, while insureds suing to enforce the exact same contract enjoy the one-way imposition of attorney fees against insurers provided in section 627.428(1). This distinction does nothing to further the prompt payment of benefits or to discourage insurers' denial of valid claims. The effect of the attorney-fee provision in section 627.736(5) is to further delay insureds from receiving medical benefits by encouraging medical providers to require payment from insureds at the time the services are rendered rather than risk having to collect through arbitration. Thus, the prevailing party attorney-fee provision of section 627.736(5) arbitrarily distinguishes between medical providers and insureds, violating medical providers' due process rights, and is unconstitutional under article I, section 9 of Florida's Constitution.
Accordingly, we affirm the decision of Fifth District Court of Appeal below and hold to be unconstitutional the portion of section 627.736(5), Florida Statutes (1997), requiring mandatory arbitration for all medical provider assignees and requiring a prevailing party standard to apply with regard to attorney fees.
It is so ordered.
HARDING, C.J., SHAW, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] §§ 627.730-627.7405, Fla. Stat. (1997).
[2] The method used to determine whether a party is a "prevailing party" was added to the statute in 1998. § 627.736(5)(c)1-3, Fla. Stat. (Supp.1998).
[3] Section 682.20, Florida Statues (1997), provides:

(1) An appeal may be taken from:
(a) An order denying an application to compel arbitration made under s. 682.03.
(b) An order granting an application to stay arbitration made under s. 682.03(2)(4).
(c) An order confirming or denying confirmation of an award.
(d) An order modifying or correcting an award.
(e) An order vacating an award without directing a rehearing.
(f) A judgment or decree entered pursuant to the provisions of this law.
[4] The limited standard of review and the high degree of conclusiveness attached to other arbitration awards is permitted because the parties have, by agreement, substituted a tribunal of their own choosing for the forum provided by law. See Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989). In the instant case, there is no voluntary agreement to arbitrate between medical providers and PIP insurers. Medical providers are forced to arbitrate by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject.
[5] In order to be considered a "prevailing party," a party seeking payment through arbitration must obtain an arbitration award that is greater than the amount the opposing party offered plus fifty percent of the difference between the amount offered and the amount that party was seeking. See § 627.736(5)(c)1-3, Fla. Stat. (Supp.1998).