835 So.2d 1235 (2003)
T.A. ENTERPRISES, INC., a foreign corporation, Appellant,
v.
OLARTE, INC., a Florida corporation, Appellee.
No. 4D02-697.
District Court of Appeal of Florida, Fourth District.
January 29, 2003.
*1236 Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellant.
Barbara J. Brush, Fort Lauderdale, for appellee.
FARMER, J.
This Lemon Law case began with arbitration proceedings overseen by the Attorney General's office and then, following a decision against the defending party in the arbitration, ended up in circuit court. There, the court dismissed an attempt to have the matter determined in a "trial de novo" and, in effect, enforced the arbitration decision. We reverse for further proceedings in the circuit court.
The underlying facts and circumstances are these. Olarte (Buyer) purchased a model E250 van manufactured in 2000 by Ford Motor Company. The vehicle was new, but Buyer elected to have several options added to the van in a "conversion" process performed by Eclipse Conversions.[1] After allegedly having problems with the work done by Eclipse, and claiming *1237 that the vehicle was out of service for at least fifteen days as a result thereof,[2] Buyer filed a demand for arbitration under Florida's Lemon Law.[3] An Arbitration Board (Board) convened under chapter 681 and found that Eclipse had failed to file a timely response and supply certain information as required by the arbitration notice.[4] Eclipse contended that it filed the documents just four days before the arbitration hearing and that it was late only because one of its employees misplaced the notice of arbitration. The Board found that Eclipse had failed to show good cause for the late filing and, accordingly, refused to allow Eclipse to present any affirmative defenses as alleged in its late Answer or adduce any of the evidence disclosed in its tardy filing. Eclipse was allowed to participate in the hearing only to question witnesses and argue its position.
At the conclusion of the hearing, the Board granted the parties additional time to furnish evidence regarding the amount of the Buyer's alleged collateral expenses. After both parties responded, Eclipse untimely, the Board entered a final written decision with findings of fact and conclusions of law. The Board found that the vehicle was a "lemon," and required Eclipse to pay damages to Buyer, accept a return of the vehicle, and satisfy Buyer's debt on the vehicle.
At that point, Eclipse timely filed a petition for an "appeal by trial de novo" pursuant to section 681.1095(12).[5] As grounds for the appeal, Eclipse contended that the Board had erred:
(1) in concluding that Eclipse had not shown good cause for its default in the filing of the response and pre-hearing information and, also, in refusing to permit Eclipse to raise any affirmative defenses and present its own evidence and testimony;
(2) in finding that the various problems with the vehicle constituted substantial impairment of the vehicle's use, value, or safety; and
(3) in finding that the vehicle was out of repair for 45 consecutive days.
Eclipse also argued that Buyer had misused the vehicle. Eclipse sought a determination that the vehicle was not defective within the meaning of the Lemon Law, and requested an award of attorney's fees, alleging that Buyer brought its claim in bad faith.[6] *1238 Buyer moved to dismiss Eclipse's petition. Buyer argued that Eclipse was attempting to raise issues that it did not raise before the Board, that it had failed to attach a copy of the Board's decision to its petition, and that it had failed to timely send a copy of the petition to the Department of Legal Affairs. Buyer also argued that the petition lacked any justiciable issue of law or facts and that it had been filed in bad faith. Buyer prayed that the petition for review be dismissed and that it be awarded fees, costs, and treble damages allowed by the Lemon Law.[7]
Eclipse responded with argument that Buyer's motion improperly went beyond the four corners of its "complaint." Eclipse also argued that it was not precluded in the circuit court's review from raising in the de novo proceeding any issues not raised before the Board. Eclipse furnished a copy of a letter from the Attorney General which accepted the late filing of the notice without any penalty and withdrew an earlier notice of intent to seek imposition of a fine.
After a hearing, the circuit court entered an order granting Buyer's motion to dismiss the petition. The court determined that Eclipse had failed to file a timely response to the arbitration notice, as a result of which the Board properly entered a default. Because Eclipse was nevertheless permitted to cross-examine witnesses and argue its position to the arbitrators, the court reasoned, Eclipse was precluded in the trial de novo from presenting issues not raised before the arbitrators. The court also found that Eclipse had failed to serve the Department of Legal Affairs within 7 days of the filing of the petition. The court found that Eclipse demonstrated "tardiness and disdain" for the arbitration in filing a post-hearing response. Moreover, the court found, Eclipse failed to attach a copy of the transcript of the arbitration proceedings and had acknowledged that it had no idea whether a transcript was even available. These failings, the court held, "evidence a lack of pre-filing investigation and due diligence." The court granted the dismissal with prejudice. It reserved jurisdiction to award damages based on a bad faith filing in court. It concluded by saying: "Plaintiff T.A. Enterprises, shall take nothing by this action and Defendant, Olarte, shall go hence without day." Eclipse appeals the order of dismissal.
Judicial proceedings under the Lemon Law were the subject of the supreme court's consideration in Chrysler Corp. v. Pitsirelos, 721 So.2d 710 (Fla. 1998). Pitsirelos was, in turn, further illuminated by the court in Nationwide Mutual Fire Ins. v. Pinnacle Medical, Inc., 753 So.2d 55 (Fla.2000). We thus turn to Pitsirelos and Pinnacle for an understanding of the judicial role in Lemon Law cases.
The issue in Pitsirelos was the constitutionality of the Lemon Law which, it was contended, improperly required that claims under it be determined by compulsory arbitration with only limited court review. As it construed chapter 681, the court said:
"The entitlement of either the consumer or manufacturer to a trial de novo appeal proceeding in the circuit court after completion of this mandatory alternative dispute resolution procedure respects the access-to-courts provision in the Florida Constitution, due process, and separation of powers." [f.o.] *1239 721 So.2d at 713. The court held that in the trial de novo appeal the party appealing the arbitrator's decision bears the burden of going forward with the evidence and the burden of ultimate persuasion "in establishing why the Arbitration Board's decision was erroneous." 721 So.2d at 714. The court declined to hold that the arbitrator's decision was entitled to a presumption of correctness, saying that it would be received in evidence along with any other evidence adduced by the parties. It also held that in an award of damages under subsection 681.1095(14) is limited "solely to reimburse the consumer for expenses relating to the loss of use of the vehicle during the pendency of the trial de novo appeal proceeding." [e.s.] 721 So.2d at 714. Thus, the consumer (Buyer) has the burden of adducing evidence of loss of use of the vehicle during the period of the judicial review.
In Pinnacle, the issue was the constitutionality of compulsory arbitration of health care provider claims under the PIP automobile insurance statutes. The provider argued that compulsory arbitration violated the provider's right to access to the courts for redress on its claim for payment. To explain why the PIP provision for compulsory arbitration of such claims was invalid, the court said:
"In [Pitsirelos], this Court examined section 681.1095(4), part of Florida's Motor Vehicle Warranty Enforcement Act, which requires parties in motor vehicle warranty disputes to submit to arbitration before filing an action in circuit court. Section 681.1095(13) provided for a trial de novo in the circuit court for a party who appealed the arbitration award. We determined that the entitlement of either party to a trial de novo in the circuit court after completion of the mandatory arbitration respected the parties' access to courts. We noted, however, that a statutory requirement that the arbitration board's decision be presumed correct in the trial de novo would raise serious concerns as to whether such a statute would violate access to courts because it would diminish the right to have the ultimate decision in a case made by a court.
"[The PIP statute] does not provide for a trial de novo in the circuit court. Section 627.736(5) states that the provisions of chapter 682, Florida's Arbitration Code, shall apply. Under section 682.20, parties may appeal an arbitration award only in limited circumstances, and courts attach a high degree of conclusiveness to the award. The limited review and the conclusiveness attached to the arbitration award without the right of a trial de novo diminishes the right to have the ultimate decision in a case made by a court. As we noted in Pitsirelos, this violates medical providers' access to courts." [c.o.]
Pinnacle, 753 So.2d at 58. In a footnote, the court added:
"The limited standard of review and the high degree of conclusiveness attached to other arbitration awards is permitted because the parties have, by agreement, substituted a tribunal of their own choosing for the forum provided by law. In the instant case, there is no voluntary agreement to arbitrate between medical providers and PIP insurers. Medical providers are forced to arbitrate by terms in an agreement entered into between an insured and an insurer, to which the assignor-insured is not subject." [c.o.]
753 So.2d at 58. In short, the PIP compulsory arbitration scheme was unconstitutional because of the lack of meaningful judicial review.
Consequently, we understand Pitsirelos to mean that the court found the Lemon Law compulsory arbitration a valid substitute for a civil action because of the *1240 existence of meaningful judicial review. The PIP scheme was invalid because it gave the party aggrieved by the arbitration decision only the limited review given to arbitration decisions generally. The Lemon Law scheme, however, grants a form of hybrid, more intensive, judicial review. Instead of deferring to the arbitrator's decision, as would be the case if only ordinary appellate review were afforded, the loser in Lemon Law arbitration is given the right de novo to convince a judge that the arbitration decision is wrong. Precisely because the losing party has been given review by trial de novo, the party has the right to offer any evidence tending to demonstrate error in the outcome of the arbitration proceedings.
It is for these reasons that we think the Buyer's argument in support of the motion to dismiss was not well taken. First, because the trial de novo is a form of review of the arbitration decision, we do not think the failure of the party losing the arbitration to comply with the Board's procedural rules necessarily should always bar that party from offering evidence showing that the Board's default decision, or the finding that the vehicle was defective within the meaning of the Lemon Law, were erroneous. In this instance, the decision being reviewed held that the vehicle is defective within the meaning of the Lemon Law. To hold that the default bars Eclipse from showing that the vehicle is not defective is to deny it the very review afforded by the statute.
We conclude, moreover, that the Board erred in entering a default against Eclipse under the circumstances. Eclipse demonstrated that any neglect in timely responding to the arbitration notice was excusable. Therefore, the trial court erred in giving the default any effect by denying Eclipse the right to offer evidence in a trial de novo.
We reject appellant's argument that because this is a trial de novo the rules of civil procedure necessarily govern in all matters, and that the trial court therefore erred in considering matters outside its complaint. The civil action contemplated by chapter 681 is a proceeding to review the correctness of the arbitration decision in a trial de novo. This statute does not require the losing party in arbitration to plead a cause of action entitling it to review, in the same way that the plaintiff in an ordinary civil action must plead a cause of action entitling it to relief. Instead, the Lemon Law merely requires the party losing the arbitration to file a petition "stating the action requested and the grounds relied on for review." § 681.1095(12).
In Pitsirelos, the supreme court emphasized that the hybrid form of more intense judicial review afforded in Lemon Law cases is constitutional only because it is by trial de novo. The party losing the arbitration should be allowed to offer evidence showing that the arbitration decision as to the vehicle's alleged defect is erroneous. Thus this very review process contemplates that the appealing party has the right to offer evidence in support of its position. Eclipse should have been permitted to show that the vehicle was not defective.
In sum, we conclude that it was error to dismiss the petition for review by trial de novo.[8] On remand, Eclipse should be given an opportunity to offer evidence *1241 purporting to show that the arbitration decision was erroneous, and Buyer of course should be allowed to present any contrary evidence.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
GUNTHER, J., and STREITFELD, JEFFREY E., Associate Judge, concur.
NOTES
[1] At the beginning of the arbitration hearing, Ford Motor Company asked to be dismissed from the proceedings, claiming that Buyer's complaints all related to work done to the vehicle in the aftermarket by appellant rather than by Ford as manufacturing defects. That request was apparently granted, and Buyer makes no contention that the dismissal of Ford was in error. "Eclipse Conversions" is apparently a trade name used by appellant. In this opinion, the term "Eclipse" is intended to refer to appellant.
[2] According to the arbitration decision, the defects involved scratched rims and side view mirrors, loose exterior door trim panels, exterior paint defects, peeling bumper strips, intermittent operation of the television set, defective radio (pops while turned off), and a defective visor screen used in reversing the vehicle.
[3] See Ch. 681, Fla. Stat. (2001), esp. § 681.109(1), (2), and (3).
[4] See § 681.109(8), Fla. Stat. (2001) ("The department shall have the authority to adopt reasonable rules to carry out the provisions of this section.").
[5] § 681.1095(12), Fla. Stat. (2001) ("An appeal of a decision by the board to the circuit court by a consumer or manufacturer shall be by trial de novo. In a written petition to appeal a decision by the board, the appealing party must state the action requested and the grounds relied upon for appeal. Within 30 days of final disposition of the appeal, the appealing party shall furnish the department with notice of such disposition and, upon request, shall furnish the department with a copy of the order or judgment of the court." [e.s.]).
[6] See § 681.106, Fla. Stat. (2001) ("Any claim by a consumer which is found by the court to have been filed in bad faith or solely for the purpose of harassment, or in complete absence of a justiciable issue of either law or fact raised by the consumer, shall result in the consumer being liable for all costs and reasonable attorney's fees incurred by the manufacturer, or its agent, as a direct result of the bad faith claim.").
[7] See § 681.1095(13), (14), Fla. Stat. (2001).
[8] With regard to Buyer's contention that the petition for review by trial de novo should have been dismissed on account of the failure to attach a copy of the Board's decision to the petition, and that Eclipse failed to timely send a copy of the petition to the Department of Legal Affairs, we find both grounds insufficient to deny the losing party in arbitration its right of judicial review.