921 So.2d 702 (2006)
BMW OF NORTH AMERICA, LLC., Appellant,
v.
Monica LA ROTTA, Appellee.
No. 4D04-4551.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
Valerie M. Jackson, Nickolas C. Berry and James H. Wyman of Hinshaw & Culbertson, LLP., Miami, for appellant.
Marsha Brown Herbert of Marsha Brown Herbert, P.A., Lake Worth, and Rebecca J. Covey of the Law Offices of Rebecca J. Covey, P.A., Fort Lauderdale, for appellee.
FARMER, J.
In this Lemon Law case, following a decision of the Florida New Motor Vehicle Arbitration Board the manufacturer timely filed a petition in the circuit court for a trial de novo. The trial court dismissed the request on the grounds that it failed to state a cause of action. We therefore reverse the final judgment affirming the decision of the arbitration board and remand for a trial de novo.
Under section 681.1095(12), the petition need only identify the cause of action and the grounds for appeal. See § 681.1095(12), Fla. Stat. (2003). BMW met that requirement because: (1) the document is entitled an "Amended Petition for Trial de Novo;" (2) the opening paragraph "petitions this Court for a trial de novo of the decision of the Florida New Motor Vehicle Arbitration Board;" and (3) BMW's prayer for relief "respectfully requests this court to review the Florida New Motor Vehicle Board Decision by trial de novo...." As we said in T.A. Enterprises, *703 Inc. v. Olarte, Inc., 835 So.2d 1235 (Fla. 4th DCA 2003),
"This statute does not require the losing party in arbitration to plead a cause of action entitling it to review, in the same way that the plaintiff in an ordinary civil action must plead a cause of action entitling it to relief. Instead, the Lemon Law merely requires the party losing the arbitration to file a petition `stating the action requested and the grounds relied on for review'."
835 So.2d 1235, 1240. While section 681.1095(12) says that the party should include a statement of "the grounds relied upon for appeal" in a petition for a trial de novo, such grounds need be nothing more than a statement that the petitioner disputes the outcome before the Arbitration Board. Section 681.1095(12) does not specify that the entitlement to a trial de novo turns on the merits of the position taken by the petitioner in the underlying dispute. Indeed, the court emphasized in Chrysler v. Pitsirelos, 721 So.2d 710, 713 (Fla.1998), that:
"The entitlement of either the consumer or manufacturer to a trial de novo appeal proceeding in the circuit court after completion of this mandatory alternative dispute resolution procedure respects the access-to-courts provision in the Florida Constitution, due process, and separation of powers."
The consumer's arguments in support of dismissal of the petition were premised on a misreading of this statute.
Reversed.
STEVENSON, C.J., and MARX, KRISTA, Associate Judge, concur.