931 So.2d 1016 (2006)
T.A. ENTERPRISES, INC., Appellant,
v.
OLARTE, INC., a Florida corporation, Appellee.
Nos. 4D05-829, 4D05-3052.
District Court of Appeal of Florida, Fourth District.
June 7, 2006.
*1017 Ronald P. Gossett of Gossett & Gossett, P.A., Hollywood, for appellant.
Rebecca J. Covey of Law Offices of Rebecca J. Covey, P.A., Fort Lauderdale, for appellee.

ON MOTION TO DISMISS APPEAL
GROSS, J.
The issue in this case is the constitutionality of a provision of the Motor Vehicle Warranty Enforcement Act (Florida's Lemon Law), section 681.1095(14), Florida Statutes (2001), which authorizes a court to condition appellate review upon payment by a manufacturer of the consumer's attorney's fees. We hold that the statute unconstitutionally violates two provisions of the Florida Constitution.
This case concerns a consumer's action for damages under the Lemon Law, section 681.10 et seq., Florida Statutes (2001).
Appellee, Olarte, Inc., purchased a new 2000 Ford E250 van. Olarte elected to have several options added to the van in a "conversion" process performed by appellant, T.A. Enterprises, Inc.[1]
Due to problems with the van, Olarte demanded arbitration proceedings under the Lemon Law. The Florida New Motor Vehicle Arbitration Board decided in favor of Olarte, finding that the van was a lemon and requiring T.A. Enterprises to pay damages, take back the van, and pay off a vehicle loan.
T.A. Enterprises timely filed an appeal for trial de novo pursuant to section 681.1095(12), Florida Statutes (2001). After this court reversed an order dismissing this appeal,[2] on remand, the circuit court ordered the parties to non-binding arbitration pursuant to section 44.103, Florida Statutes (2001). The arbitrator found in favor of Olarte and T.A. Enterprises timely challenged the arbitration award and requested a trial de novo under the Lemon Law.
After a non-jury trial, the circuit court entered judgment in favor of Olarte, adopting the Arbitration Board's award. In an amended final judgment, the court concluded that T.A. Enterprises acted in bad faith and awarded Olarte double damages,[3] for a total of $66,100.67, pursuant to section 681.1095(13), Florida Statutes (2001). T.A. Enterprises filed a notice of appeal directed at the amended final judgment.
After a hearing, the circuit court entered a judgment awarding attorney's fees and costs of $262,388.29. See § 681.1095(13), Fla. Stat. (2001). Pursuant to section 681.1095(14), Florida Statutes *1018 (2001), the court ordered T.A. Enterprises to pay Olarte's attorney's fees as a condition of further appeal. T.A. Enterprises filed a notice of appeal directed at that judgment.
Olarte has moved this court to dismiss the appeals unless T.A. Enterprises complies with the trial court's order to pay its attorney's fees. We have stayed the appeals on the merits to consider the contention of T.A. Enterprises that section 681.1095(14) is unconstitutional.
Article V, section 4(b)(2) of the Florida Constitution grants a constitutional right to appeal "as a matter of right, from final judgments or orders of trial courts." See Bain v. State, 730 So.2d 296, 298-99 (Fla. 2d DCA 1999); Rothermel v. Florida Parole & Probation Comm'n, 441 So.2d 663, 665 (Fla. 1st DCA 1983). The supreme court has written that the "legislature may implement this constitutional right and place reasonable conditions upon it so long as they do not thwart the litigants' legitimate appellate rights." Amendments to the Florida Rules of Appellate Procedure, 696 So.2d 1103, 1104-05 (Fla.1996). The final judgments in this case are "final judgments or orders" within the meaning of Article V, section 4(b)(2).
Article I, Section 21 of the Florida Constitution contains a second constitutional limitation on the legislature's power to limit the right to appeal. That section provides that "[t]he courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." In Chrysler Corp. v. Pitsirelos, 721 So.2d 710 (Fla.1998), the supreme court held that certain aspects of the Lemon Law "respect[ed]" Article I, Section 21.
We find the two constitutional provisions to be related. A statutory condition that "thwarts the litigants' legitimate appellate rights" under Article V, section 4(b)(2) also violates the access-to-courts provision of Article I, section 21.
The question in this case is one that we declined to reach in Chrysler Corp. v. Pitsirelos, 689 So.2d 1132, 1135 (Fla. 4th DCA 1997), quashed on other grounds, 721 So.2d 710 (Fla.1998): the constitutionality of section 681.1095(14), which states that "appellate review" of a final "judgment affirm[ing] a decision by the board in favor of a consumer" "may be conditioned upon payment by the manufacturer of the consumer's attorney's fees."
Section 681.1095(14) authorizes a court to set a substantial financial barrier to an appeal. In a Lemon Law case, attorney's fees typically exceed the amount of a damages award. Here, the attorney's fee award was $260,197.50; the damage award became $66,100.67 only after it was doubled pursuant to section 681.1095(13).
"The constitutional right of access to the courts sharply restricts the imposition of financial barriers to asserting claims or defenses in court. Although courts have upheld reasonable measures, such as filing fees, financial preconditions that constitute a substantial burden on a litigant's right to have his or her case heard are disfavored." Psychiatric Assocs. v. Siegel, 610 So.2d 419, 424 (Fla. 1992) (internal citation omitted), receded from on other grounds by Agency for Health Care Admin. v. Associated Indus. of Florida, Inc., 678 So.2d 1239 (Fla.1996); see Smith v. Dep't of Health & Rehab. Servs., 573 So.2d 320, 323 (Fla.1991). To find a violation of the right of access, "it is not necessary for [a] statute to produce a procedural hurdle which is absolutely impossible to surmount, only one which is significantly difficult." Mitchell v. Moore, 786 So.2d 521, 526 (Fla.2001).
In Psychiatric Associates, the supreme court evaluated a statute that imposed a *1019 restriction similar to the one in this case  the statute required a plaintiff bringing a court action against a participant in a medical review board process "to post a bond sufficient to cover the defendant's costs and attorney's fees," before the action could be prosecuted. 610 So.2d at 421. Holding that the statute violated the access-to-courts provision of Article I, section 21, the court applied a two-part test to evaluate the statute:
Although courts generally oppose any burden being placed on the right of a person to seek redress of injuries from the courts, the legislature may abrogate or restrict a person's access to the courts if it provides: 1) a reasonable alternative remedy or commensurate benefit, or 2) a showing of an overpowering public necessity for the abolishment of the right, and finds that there is no alternative method of meeting such public necessity.
Psychiatric Assocs., 610 So.2d at 424; see Cmty. Hosp. of the Palm Beaches, Inc. v. Guerrero, 579 So.2d 304, 305 (Fla. 4th DCA 1991), aff'd, 610 So.2d 418 (Fla.1992).
Applying this test to section 681.1095(14), we find that the statute fails to provide a manufacturer with an alternative remedy for appeal or a commensurate benefit. A manufacturer's appeal is heard only after paying the consumer's attorney's fees; the manufacturer receives no benefit from paying the fees. Borrowing from the supreme court's language in Psychiatric Associates, the statute lacks "reciprocity because [it] does not require [consumers] to pay a [manufacturer's] . . . attorney's fees if the [appeal] proves meritorious." 610 So.2d at 424. If a manufacturer prevails on appeal, there is no simple mechanism for the recovery of the attorney's fees already paid out as a condition of the appeal. As to the second prong of the test, we do not believe that imposing an onerous attorney's fee requirement on the right to appeal is the only method that a statute could utilize to encourage a timely resolution of a consumer problem with a motor vehicle.
The requirements of section 681.1095(14) go well beyond those minimal appellate cost bonds that the supreme court has upheld as "a valid exercise of legislative power." Austin v. Town of Oviedo, 92 So.2d 648, 650 (Fla.1957); see also City of Miami v. Murphy, 137 So.2d 825 (Fla. 1962).
For these reasons, we deny the motion to dismiss the appeal and quash that portion of the trial court's orders compelling T.A. Enterprises to pay the attorney's fees as a condition of further appeal. T.A. Enterprises shall file its initial brief within 30 days of the issuance of this opinion.
WARNER and HAZOURI, JJ., concur.
NOTES
[1] T.A. Enterprises, Inc. is based in Elkhart, Indiana and does business as "Eclipse Conversions." See T.A. Enters., Inc. v. Olarte, Inc., 835 So.2d 1235 (Fla. 4th DCA 2003). "Eclipse Conversions" converts new vans, which are then distributed as "conversion vans" through Ford Motor Company dealerships in Florida.
[2] See T.A. Enters., Inc. v. Olarte, Inc., 835 So.2d 1235 (Fla. 4th DCA 2003).
[3] The original damage award of $33,100.67 consisted of a refund due from the manufacturer of $12,025.67 plus $21,075.00, which the court arrived at by assessing damages of $25 per day from October 22, 2001, which was the end of the 40-day period following the manufacturer's receipt of the arbitrator's decision. See § 681.1095(13), Fla. Stat. (2001).